**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JOSEPH MIRAKAY, LOUIS MESSINA,　　　)
MICHAEL ELEFTERAKIS & JOHN　　　　)
GEMBINSKI, on behalf of themselves and　)
Others similarly situated,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Case No. 3:13-cv-04429-JAP-LHG
　　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**JURY TRIAL DEMANDED**
　　　　　　　　v.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
DAKOTA GROWERS PASTA COMPANY,　　)
INC.; GLENCORE XSTRATA; and VITERRA,　)
INC.,　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　)

**ANSWER AND SEPARATE OR AFFIRMATIVE DEFENSES**
**TO CLASS ACTION COMPLAINT**

Defendant Dakota Growers Pasta Company, Inc. ("Dakota Growers" or "Defendant"),

hereby submits its Answer and Separate or Affirmative Defenses to Plaintiffs' Class Action

Complaint ("Complaint").  Given that the parties have agreed that Plaintiffs will dismiss the

remaining Defendants without prejudice, those Defendants have not been served and, therefore,

no response to the Complaint by those Defendants is due at this time.  Unless otherwise noted,

Dakota Growers will answer any allegation regarding "Defendants" as if it were meant to apply

only to Dakota Growers without requiring Plaintiff to file an amended complaint to effect such a

change.

1.　　　Defendant lacks knowledge or information sufficient to form a belief as to

whether "Americans love pasta," and therefore denies the same.  Defendant admits that

pastafits.org/pasta-facts states that the average American consumes 20 lbs. of pasta annually, and

that pastafits.org/faqs states that 77 percent of 1,003 Americans surveyed said they eat pasta at

least once a week, but lacks information or knowledge sufficient to form a belief as to the truth of those statistics, and therefore denies the same. Defendant denies any and all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3.      Defendant admits that it has manufactured and sold primarily through retailers or distributors several varieties of its Dreamfields pasta, that consumers like the taste of its pasta, and that its pasta has fewer digestible carbohydrates than traditional pasta. Defendant denies any and all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that it sells pasta under the brand name Dreamfields, that Dreamfields packaging and website have stated "Healthy Carb Living," and that the statements quoted in Paragraph 4 have appeared on certain Dreamfields pasta packages. Defendant denies any and all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits that it is aware of Dr. Nuttall's study, that the study was not published in a peer review journal, that the initial study with withdrawn because its authors failed to obtain proper patient consents, and that the study is flawed methodologically. Defendant denies any and all remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that its pasta has a similar taste and texture to traditional pasta. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of paragraph 6 and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies all allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiffs seek redress for alleged misrepresentations and unspecified "other similar statements," and purport to do so on behalf of themselves and other consumers that purchased Dreamfields pasta, but Defendant denies that such redress is proper. Defendant denies any and all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that, based on the allegations contained in the Complaint, the Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2)(A), the matter in controversy exceeds $5,000,000, and the Complaint was filed as a class action in which at least one member of the Class is a citizen of a state different from at least one defendant.  Defendant denies any and all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that, based on the allegations contained in the Complaint, venue in this District appears to be technically proper under 28 U.S.C. § 1391.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' residences, and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Defendant lacks knowledge or information sufficient to form a belief as to Mr. Mirakay's residence, purchase, if any, of Dreamfields pasta, beliefs, or conduct, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendant lacks knowledge or information sufficient to form a belief as to Mr. Messina's residence, purchase, if any, of Dreamfields pasta, beliefs, or conduct, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief as to Mr. Elefterakis' residence, purchase, if any, of Dreamfields pasta, beliefs, or conduct, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendant lacks knowledge or information sufficient to form a belief as to Mr. Gembinski's residence, purchase, if any, of Dreamfields pasta, beliefs, or conduct, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits that Plaintiffs purport to name Dakota Growers Pasta Company, Inc., Viterra, Inc., and Glencore Xstrata as Defendants in the Complaint.  Defendant lacks

knowledge or information sufficient to form a belief as to what is meant by "a series of corporate subsidiaries and parents," and therefore denies all allegations regarding the same. Defendant denies that it is "liable for the claims alleged herein," and denies any and all remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that Glencore Xstrata PLC is headquartered at Baarermattstrasse 3, CH-6340 Baar, Switzerland, that Glencore International PLC and Xstrata PLC merged in May 2013 to form Glencore Xstrata PLC, the latter of which is the indirect parent company of Dakota Growers Pasta Company, Inc.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "one of the world's largest global diversified natural resource companies" or "through a series of corporate mergers, acquisitions and amalgamations," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that Dreamfields Pasta was first developed and brought to market in part by DNA Dreamfields Company, LLC.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "amalgamation," or "essentially the marketing and brand management component," and therefore denies all allegations regarding the same. Defendant also admits that Tech Com owned the technology used to make Dreamfields pasta, that B-New is a brand management company, that Buhler is a Swiss engineering and equipment company, and that Dakota Growers is a grain milling and pasta processing company in North Dakota that manufactured Dreamfields pasta.  Defendant denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits that it has manufacturing facilities and headquarters at One Pasta Avenue, Carrington, North Dakota 58421, that it maintains an office at 1600 Utica Avenue S, Suite 350, St. Louis Park, Minnesota 55414-1443, and that on September 21, 2007, Defendant acquired all units of stock of DNA Dreamfields Company, LLC and became its sole owner. Defendant lack knowledge or information sufficient to form a belief as to what is meant by "lists its address," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that on March 10, 2010, Viterra announced that it was purchasing Dakota Growers and the Dreamfields Pasta brand, and that following the acquisition, Dakota Growers was operated as an indirect, wholly owned subsidiary of Viterra.  Defendant denies any and all remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that on December 17, 2013, Viterra merged with Bidco (8115222 Canada Inc.), an indirect wholly owned subsidiary of Glencore Xstrata PLC, and that upon completion of the merger on January 1, 2013, the surviving entity was referred to as Viterra Inc.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "created for the sole purpose of facilitating the amalgamation," and "upon completion of the amalgamation," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 21 of the Complaint.

22.      Defendant admits that it and Viterra are indirect subsidiaries of Glencore Xstrata PLC.  Defendant lacks knowledge or information sufficient to form a belief as to what it means to use the term "Defendants" herein "either collectively or separately, as appropriate to their activities at various points in time," and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 22 of the Complaint.

23.      Defendant admits that an article that has, at certain times, appeared on the Dreamfields website contains the statement quoted in Paragraph 23, and that Plaintiffs purport to attribute the statement to Exhibit A.  Defendant lacks knowledge or information sufficient to form a belief as to whether "[i]n recent years, many Americans have turned to diets that are low in carbohydrates," and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 23 of the Complaint.

24.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore denies the same.

25.      Defendant admits that an article that has, at certain times, appeared on the Dreamfields website contains the statement quoted in Paragraph 25, and that Plaintiffs purport to attribute the statement to Exhibit B.  Defendant lacks knowledge or information sufficient to form a belief as to whether "[e]ven today, the trend towards healthier pasta options continues,"

and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits that the statements quoted in Paragraph 26 have, at certain times, appeared on the Dreamfields website, and that Plaintiffs purport to attribute those statements to Exhibit C.  Defendant denies any and all remaining allegations contained in Paragraph 26 of the Complaint.

27.     Defendant admits that Dreamfields pasta is made with durum wheat, and that Dreamfields pasta labels have, at certain times, stated that the pasta provides 5 grams of digestible carbs and a 65% lower glycemic index than traditional pasta.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "the best of both worlds," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

29.     Defendant admits that it has, at certain times, made the statements quoted in Paragraph 29, and that Plaintiffs purport to attribute those statements to Exhibit C.  Defendant denies any and all remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant admits that it has, at certain times, made the statement quoted in Paragraph 30, and that Plaintiffs purport to attribute the statement to Exhibit D, but denies that the statement quoted in Paragraph 30 of the Complaint appears in Exhibit D.  Defendant denies any and all remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits that Dreamfields pasta is made with durum wheat semolina, that Dreamfields provides an authentic taste and al dente texture, that Defendant has, at certain times, made the statement quoted in Paragraph 31, and that Plaintiffs purport to attribute the statement to Exhibit C.  Defendant denies any and all remaining allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits that Dreamfields pasta is available in the seven shapes identified in Paragraph 32, and that each shape is made with the same ingredients.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "the same characteristics and claimed health benefits," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "substantially similar," and therefore denies all allegations regarding the same.  Defendant denies that each box of Dreamfields pasta has contained the same statements and that each box of Dreamfields has been sold to consumers for the same unit price.  Defendant denies any and all remaining allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that plaintiffs purport to paraphrase from a video appearing on the Dreamfields website, and denies the allegations to the extent that they mischaracterize the actual statements in the video.  Defendant denies any and all remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendant admits that it has made the statement quoted in Paragraph 35, and that Plaintiffs purport to attribute the statement to Exhibit E.  Defendant denies any and all remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits that it has, at certain times, made the statement quoted in Paragraph 36, and that Plaintiffs purport to attribute the statement to Exhibit D.  Defendant denies any and all remaining allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits that it has, at certain times, made the statement quoted in Paragraph 37, and that Plaintiffs purport to attribute the statement to Exhibit F.  Defendant denies any and all remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40, and therefore denies the same.  Defendant admits that the statement quoted in Paragraph 40 appears in the Dakota Growers Annual Report, and that Plaintiffs purport to cite to the same in footnote 12.  Defendant denies any and all remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42, and therefore denies the same.  Defendant also lacks knowledge or information sufficient to form a belief as to what is meant by "uniquely positioned," and therefore denies all allegations regarding the same.  Defendant admits that it has made the statement quoted in Paragraph 42, and that Plaintiffs purport to attribute the statement to Exhibit G.  Defendant denies any and all remaining allegations contained in Paragraph 42 of the Complaint.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44.     Defendant denies the characterization that "Dreamfields transitioned to a marketing plan that would be less dependent upon consumers adhering to low-carbohydrate diets" based solely on "the declining popularity of low-carbohydrate diets and the new focus on fiber content among consumers," but admits that in 2005, a new trend towards high fiber products developed, displacing some of the low carbohydrate consumption.  Defendant denies any and all remaining allegations contained in Paragraph 44 of the Complaint.


45.     Defendant admits that it has marketed Dreamfields Pasta to, among other consumers, people with diabetes, and that Dreamfields has been referred to as a low glycemic alternative to traditional pasta, but Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "catapulted," and therefore denies all allegations regarding the same.  Defendant admits that the statement quoted in paragraph 45 appears in the Dakota Growers Pasta Company 2007 Annual Report, and that plaintiffs purport to cite to the same in footnote 14.  Defendant denies any and all remaining allegations contained in Paragraph 45 of the Complaint.


46.     Defendant admits that it has made the statements quoted in Paragraph 46, and that Plaintiffs purport to attribute those statements to Exhibit G.  Defendant denies any and all remaining allegations contained in Paragraph 46 of the Complaint.


47.     Defendant admits that the statements quoted in Paragraph 47 appear in the Dakota Growers Pasta Company 2007 Annual Report under a section entitled "Consumer Trends," and

that Plaintiffs purport to cite to the same in Paragraph 47 and footnote 17.  Defendant denies any and all remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendant lacks knowledge or information sufficient to form a belief as to whether all "consumers love pasta," or "are concerned about the high carbohydrate content of pasta," and therefore denies the same.  Defendant also lacks knowledge or information sufficient to form a belief as to what is meant by "comparable," or "successful marketing strategy," and therefore denies all allegations regarding the same.  Defendant admits that certain labels and advertisements include statements that Dreamfields pasta has fewer digestible carbohydrates and a lower glycemic index than traditional pasta.  Defendant denies any and all remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant admits that the statement quoted in Paragraph 49 appears in the Dakota Growers Pasta Company 2007 Annual Report, without the emphasis added by Plaintiffs, and that Plaintiffs purport to cite to the same in Paragraph 49 and footnote 17.  Defendant denies any and all remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendant admits that some of its advertising has been directed to people with diabetes and consumers interested in diets lower in carbohydrates, among others.  Defendant further admits that the statement quoted in Paragraph 50 has, at certain times, appeared on the home page of the Dreamfields website, and that Plaintiffs purport to attribute the statement to Exhibit H.  Defendant denies any and all remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendant admits the statement quoted in Paragraph 51 has, at certain times, appeared on the Dreamfields website under a heading titled "Diabetes and Dreamfields? Discover the Pasta-bilities," and that Plaintiffs purport to attribute the statement to Exhibit I. Defendant denies any and all remaining allegations contained in Paragraph 51 of the Complaint.

52.     Defendant admits that it has, at certain times, made the statement quoted in Paragraph 52, and that Plaintiffs purport to attribute that statement to Exhibit I.  Defendant denies any and all remaining allegations contained in Paragraph 52 of the Complaint.

53.     Defendant admits that Plaintiffs purport to depict certain Dreamfields pasta boxes in Paragraph 53.  Defendant denies any and all remaining allegations contained in Paragraph 53 of the Complaint.

54.     Defendant admits that the front of the packaging for Dreamfields pasta has, at certain times, stated that Dreamfields pasta has a 65% lower glycemic index and has 5g digestible carbs per serving, and that Plaintiffs purport to depict a Dreamfields pasta box in Paragraph 54.  Defendant denies any and all remaining allegations contained in Paragraph 54 of the Complaint.

55.     Defendant admits that Plaintiffs purport to depict the back of a Dreamfields pasta box.  Defendant denies that the back of Dreamfields pasta boxes are "devoted entirely to

describing the purported health benefits of the pasta" and denies any and all remaining allegations contained in Paragraph 55 of the Complaint.

56.    Defendant admits that Dreamfields pasta boxes have, at certain, stated [w]ith only 5 grams of digestible carbs, Dreamfields helps limit the rise in blood sugar levels that normally occur after eating regular pasta," and "help limit the rise in blood sugar levels that normally occur after eating regular pasta."  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "on the reverse label," or as to which "scientific studies" or "clinical study" Plaintiffs refer, and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 56 of the Complaint.

57.    Defendant admits that there is a calculation of how the 5 grams of digestible carbohydrates was reached in the lower portion of the backside of certain packaging for Dreamfields pasta.  Defendant admits that Plaintiffs purport to depict a portion of the Dreamfields packaging in paragraph 57.  Defendant denies any and all remaining allegations contained in Paragraph 57 of the Complaint.

58.    Defendant denies all allegations contained in Paragraph 58 of the Complaint. [1]

59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore denies the same.

---

[1] Because the headings in the Complaint do not constitute allegations, Defendant does not admit, deny, or otherwise respond to any of Plaintiffs' headings.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore denies the same.

61.     Defendant admits that Exhibit J to the Complaint purports to be an article by Frank Q. Nuttall, MD, PhD and Mary Carol Gannon, PhD, among others, and that Plaintiffs purport to attribute the allegations contained in Paragraph 61 to Exhibit J, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit J, and therefore denies all allegations regarding the same.  Defendant admits that Exhibit J states that "we were particularly interested in the commercially available Deamfields pasta. In its advertisements, Dreamfields states that the product has a 'taste like traditional pasta, but contains twice the fiber, only 5 grams of digestible carbohydrate per serving and has a 65% lower glycemic index (13 vs 38).' Therefore, from our perspective, it could be a useful addition to our loBAG diet menus."  Defendant lacks knowledge or information sufficient to form a belief as to the interests of Drs. Nuttall and Gannon, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 61 of the Complaint.

62.     Defendant admits that Exhibit J to the Complaint states that "After numerous attempts to obtain from the company the data upon which a dramatically lower glycemic index than that observed with traditional pasta were based, we decided to conduct our own simple, single-meal study."  Defendant lacks knowledge or information sufficient to form a belief as to

truth of the statements contained in Exhibit J, or as to what "Drs. Nuttall and Gannon wanted," or whether they made "several unsuccessful attempts to obtain Defendants' supporting data," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 62 of the Complaint.


63.     Defendant admits that Plaintiffs summarize the purported design of the study described in Exhibit J to the Complaint, that the study's authors purport to have obtained approval by the Minneapolis VA Health Care System Internal Review Board, that the study purports to be filed at ClinicalTrials.gov NCT01469104, and that the results of the study purport to have been published in Nutrition Today.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit J, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 63 of the Complaint.


64.     Defendant admits that Exhibit J to the Complaint states that each test subject to the study described therein fasted for 12-14 hours prior to eating the pasta they were served, that on one occasion subjects were served traditional white pasta and that on the other occasion they were served Dreamfields pasta, that subjects were fed the same amount of pasta, that all pasta was cooked for 10 minutes with occasional stirring, and that subjects did not know if they were eating Dreamfields pasta or traditional pasta.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit J, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 64 of the Complaint.

65.     Defendant admits that Plaintiffs describe aspects of the purported design of the study described in Exhibit J to the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit J, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 65 of the Complaint.

66.     Defendant admits that Exhibit J to the Complaint purports to be an article by Frank Q. Nuttall, MD, PhD, *et al*., that Plaintiffs purport to attribute the allegations contained in Paragraph 66 to Exhibit J, that the statement quoted in Paragraph 66 appears in Exhibit J without the emphasis added by Plaintiffs, and that Plaintiffs depict a graph appearing in Exhibit J, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements and representations contained in Exhibit J, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies all allegations contained in Paragraph 67 of the Complaint.

68.     Defendant admits that Exhibit J to the Complaint purports to be an article by Frank Q. Nuttall, MD, PhD, *et al*., that Plaintiffs purport to attribute the quotation contained in Paragraph 68 to Exhibit J, and that the statement quoted in Paragraph 68 appears in Exhibit J without the emphasis added by Plaintiffs, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit J, and therefore

denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendant denies all allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies all allegations contained in Paragraph 70 of the Complaint.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and therefore denies the same.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the evaluations or conclusions of unidentified "other nutritionists" referenced in Paragraph 72, and therefore denies all allegations regarding the same.  Defendant also lacks knowledge or information sufficient to form a belief as to what is meant by "essentially the same" or "live up to," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 72 of the Complaint.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore denies the same.

74.     Defendant admits that Exhibit K to the Complaint purports to be a Declaration of David A. Levitsky, Ph.D., that Plaintiffs purport to attribute the allegations contained in

Paragraph 74 to Exhibit K, and that Paragraph 74 summarizes paragraph 1-3 of Exhibit K. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit K, or as to Dr. Levitsky's background or conclusions, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 74 of the Complaint.

75.     Defendant admits that Exhibit K to the Complaint purports to be a Declaration of David A. Levitsky, Ph.D., that Plaintiffs purport to attribute the allegations contained in Paragraph 75 to Exhibit K, and that Paragraph 75 summarizes certain paragraphs contained in Exhibit K.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit K, or as to Dr. Levitsky's conclusions, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 75 of the Complaint.

76.     Defendant admits that Exhibit K to the Complaint purports to be a Declaration of David A. Levitsky, Ph.D., that Plaintiffs purport to attribute the quotation contained in Paragraph 76 to Exhibit K, and that the quotation contained in Paragraph 76 appears in Exhibit K. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit K, as to what Dr. Levistsky has concluded, or as to the awareness of Dr. Levitsky and Plaintiffs, and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 76 of the Complaint.

77.     Defendant admits that Exhibit K to the Complaint purports to be a Declaration of David A. Levitsky, Ph.D., that Plaintiffs purport to attribute the allegations contained in Paragraph 77 to Exhibit K, and that Paragraph 77 summarizes certain paragraphs contained in Exhibit K.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit K, and therefore denies all allegations regarding the same. Defendant also lacks knowledge or information sufficient to form a belief as to what is meant by "in essence, a representation," or "out-perform," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 77 of the Complaint.

78.     Defendant admits that Exhibit L to the Complaint purports to include an article by Andreas Eenfeldt with the title referenced in Paragraph 78.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "less formal studies-of-one," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendant admits that Exhibit L to the Complaint purports to include an article by Andreas Eenfeldt, that Plaintiffs purport to attribute the statement quoted in Paragraph 79 to Exhibit L, and that the statement quoted in Paragraph 79 appears in Exhibit L, but Defendant lacks knowledge or information sufficient to form a belief as to the decisions or beliefs of Dr. Eenfeldt, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 79 of the Complaint.

80.     Defendant admits that Exhibit L to the Complaint states that the author ate Dreamfields pasta, and that "[a]fter seven and a half hours I gave up, even though the blood sugar was still a bit higher than normal."  Defendant lacks knowledge or information sufficient to form a belief as the truth of the statements contained in Exhibit L, or as to what is meant by "shocking," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 80 of the Complaint.

81.     Defendant admits that Exhibit L to the Complaint purports to include an article by Andreas Eenfeldt, that Plaintiffs purport to attribute the statement quoted in Paragraph 81 to Exhibit L, and that the statement quoted in Paragraph 81 appears in Exhibit L.  Defendant lacks knowledge or information sufficient to form a belief as to the conclusions of Dr. Eenfeldt, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendant admits that Plaintiffs depict a graph that appears in Exhibit L to the Complaint, and that the graph purports to show a higher blood glucose level at certain points in time after one individual ate Dreamfields pasta as compared to certain other foods represented. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements or representations contained in Exhibit L, and therefore denies all allegations regarding the same.  Defendant also lacks knowledge or information sufficient to form a belief as to what is meant by "much longer," and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendant admits that Exhibit L to the Complaint purports to include an article by Andreas Eenfeldt, that Plaintiffs purport to attribute the statement quoted in Paragraph 83 to Exhibit L, and that the statement quoted in Paragraph 83 appears in Exhibit L.  Defendant lacks knowledge or information sufficient to form a belief as to the conclusions of Dr. Eenfeldt, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 83 of the Complaint.

84.     Defendant admits that Jimmy Moore maintains a website entitled Jimmy Moore's Livin' La Vida Low-Carb Blog.  Defendant lacks knowledge or information sufficient to form a belief as what is meant by "well-known" or "numerous," and therefore denies all allegations regarding the same.  Defendant also lacks knowledge or information sufficient to form a belief as to Mr. Moore's advocacy, publications, or promotions, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 84 of the Complaint.

85.     Defendant admits that it has, at certain times, advertised on livinlavidalowcarb.com, that Jimmy Moore has twice interviewed Mike Crowley, the President of Dakota Growers Pasta Company, Inc., and that Plaintiffs purport to cite two interviews by Mr. Moore of Mike Crowley, but Defendant denies that any such interview is available at http://www.youtube.com/watch?v=qvSPv1R4_uM&list=PLF4AF2591FFD36A88.  Defendant admits that http://www.youtube.com/watch?v=5HUqybUr9bI contains an interview of Mike Crowley by Mr. Moore.  Defendant denies any and all remaining allegations contained in Paragraph 85 of the Complaint.

86.     Defendant admits that Plaintiffs depict a graph that has appeared on www.livinlavidalowcarb.com.  Defendant lacks knowledge or information sufficient to form a belief as to Mr. Moore's inspiration or actions, and further lacks knowledge or information sufficient to form a belief as to what is meant by "study-of-one," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 86 of the Complaint.

87.     Defendant admits that Exhibit M to the Complaint purports to be an article by Jimmy Moore, that Plaintiffs purport to attribute the statement quoted in Paragraph 87 to Exhibit M, and that Exhibit M contains the statement quoted in Paragraph 87, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit M, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 87 of the Complaint.

88.     Defendant admits that it does not currently advertise Dreamfields pasta on www.livinlavidalowcarb.com.  Defendant denies any and all remaining allegations contained in Paragraph 88 of the Complaint.

89.     Defendant admits that it has scientific evidence regarding Dreamfields pasta and that that evidence, *inter alia*, supports the claims that Dreamfields has a lower glycemic index than traditional pasta.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "[t]o combat studies by diabetics, doctors, and nutritionists that are critical or

skeptical of Dreamfield's claims," and therefore denies all allegations regarding the same. Defendant also lacks knowledge or information sufficient to form a belief as to the beliefs of the unnamed critics referenced in Paragraph 89, or as to what is meant by "for good reason," and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 89 of the Complaint.

90.    Defendant denies all allegations contained in Paragraph 90 of the Complaint.

91.    Defendant admits that an article that has, at certain times, appeared on the Dreamfields website contains the statements quoted in Paragraph 91, and that Plaintiffs purport to attribute the statements to Exhibit N. Defendant lacks knowledge or information sufficient to form a belief as to the identity of the unnamed critics, doctors, scientists, and nutritionists referenced in paragraph 91, and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 91 of the Complaint.

92.    Defendant denies that the studies performed by AMK Research, Inc. are not independent. Defendant admits that articles that have, at certain times, appeared on the Dreamfields website contain the statements quoted in Paragraph 92, without the emphasis added by Plaintiffs, and that Plaintiffs purport to attribute those statements to Exhibit N and Exhibit O. Defendant further admits that Dr. John Abernethy is the President of AMK Research, Inc. Defendant denies that its characterization of any studies referenced in Paragraph 92 is a "sham," and denies any and all remaining allegations contained in Paragraph 92 of the Complaint.

93.     Defendant denies that the studies performed by AMK Research, Inc. are not independent.  Defendant admits that an article that has, at certain times, appeared on the Dreamfields website contains the statements quoted in Paragraph 93, and that Plaintiffs purport to attribute the statements to Exhibit O.  Defendant also admits that Exhibit O does not state that Dr. Abernethy is the President of AMK Research, Inc.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "leading role" or "closely connected," and therefore denies all allegations regarding the same.  Defendant also lacks knowledge or information sufficient to form a belief as to the residences of Dr. Jon Anfinsen and Dr. John Abernethy, or their involvement with "Sara's Place," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies all allegations contained in Paragraph 94 of the Complaint.

95.     Defendant admits that it has conducted studies after the study conducted by Drs. Nuttall and Gannon, *et al.* and purportedly referenced in Paragraph 95.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "lending volume to the growing chorus of Dreamfields' critics," and therefore denies all allegations regarding the same.  Defendants further lack knowledge or information sufficient to form a belief as to the unidentified study purportedly referenced in Paragraph 95, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 95 of the Complaint.

96.     Defendant admits that an article that has, at certain times, appeared on the Dreamfields website describes a study that utilized 8 individuals consisting of 4 males and 4 females, and that Plaintiffs attribute the study purportedly described in Paragraph 96 to Exhibit P.  Defendant denies that no other details on the test subjects are revealed in Exhibit P, and denies any and all remaining allegations contained in Paragraph 96 of the Complaint.

97.     Defendant admits that an article that has, at certain times, appeared on the Dreamfields website states that subjects in a study described were fed a dry weight serving of Dreamfields spaghetti or traditional high quality durum semolina spaghetti, representative of 25 grams of available carbohydrates, and states that "higher pasta doses, (such as the 50 gram available carbohydrate dose in common use to determine the glycemic index of a wide range of foods) yielded curves that were irregular and broad . . ."  Defendant also admits that Plaintiffs purport to attribute the allegations contained in Paragraph 97 to Exhibit P.  Defendant denies any and all remaining allegations contained in Paragraph 97 of the Complaint.

98.     Defendant admits that an article that has, at certain times, appeared on the Dreamfields website states that "Dreamfields pasta glycemic testing uses a two-hour postprandial testing procedure as it is well known that healthy people typically have digested the majority of the carbohydrate in a meal within this time frame.  Dreamfields confirmed that two-hour testing is acceptable by testing its products using extended feeding studies up to six hours at an independent testing facility."  Defendant also admits that Plaintiffs purport to attribute the allegations contained in Paragraph 98 to Exhibit P.  Defendant denies any and all remaining allegations contained in Paragraph 98 of the Complaint.

27

99.     Defendant admits that Exhibit Q to the Complaint purports to be an article by Laura Dolson, that Plaintiffs purport to attribute the statement quoted in Paragraph 99 to Exhibit Q, and that Exhibit Q contains the statement quoted in Paragraph 99, but Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "even with the small bit of information released regarding this study, serious questions arise," and therefore denies the same.  Defendant also lacks knowledge or information sufficient to form a belief as to whether Exhibit Q reflects the opinions of Laura Dolson, and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 99 of the Complaint.

100.     Defendant admits that Exhibit J to the Complaint purports to be an article by Frank Q. Nuttall, MD, PhD, *et al*., and that Plaintiffs purport to attribute the quotation in Paragraph 100 to Exhibit J, but denies that the statement quoted in paragraph 100 appears in Exhibit J.  Defendant admits that Exhibit K, not referenced in Paragraph 100, purports to be a Declaration of David A. Levitsky, Ph.D., and that the statements quoted in Paragraph 100 appear in Exhibit K, paragraph 6.  Defendant lacks knowledge or information sufficient to form a belief as to whether Exhibit K is what it purports to be, or as to whether Exhibit K contains the opinions of Dr. Levitsky, and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 100 of the Complaint.

101.     Defendant admits that Exhibit J to the Complaint purports to be an article by Frank Q. Nuttall, MD, PhD, *et al*., that Exhibit J purports to describe a study that used 20 total subjects who ingested approximately 50 gram available carbohydrate portions of Dreamfields

pasta and traditional commercially available pasta and who range in age from 29 to 80, that

Exhibit J purports to describe a study that was approved by the Minneapolis VA Health Care

System Internal Review Board, and that Exhibit J purports to describe a study that was published

in Nutrition Today.  Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the statements contained in Exhibit J, and therefore denies the same.  Defendant also

lacks knowledge or information sufficient to form a belief as to what is meant by "stark contrast"

or "published for all to see," and therefore denies the same.  Defendant denies any and all

remaining allegations contained in Paragraph 101 of the Complaint.


      102.    Defendant lacks knowledge or information sufficient to form a belief as to what is

meant by "in the end," or as to whether the purported results of the study referenced in Paragraph

102 should "maybe" be "shocking" to unidentified individuals or entities, and therefore denies

the same.  Defendant denies any and all remaining allegations contained in Paragraph 102 of the

Complaint.


      103.    Defendant admits that the statement quoted in Paragraph 103 appears in the

Dakota Growers 2009 Annual Report, and that Plaintiffs purport to cite to the same.  Defendant

denies any and all remaining allegations contained in Paragraph 103 of the Complaint.


      104.    Defendant admits that Plaintiffs purport to cite to the Dakota Growers Pasta

Company 2009 Annual Report, but denies that plaintiffs have accurately characterized the

statements in that Report.  Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the information represented in the table contained in Paragraph 104, and

therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies all allegations contained in Paragraph 105 of the Complaint.

106.    Defendant lacks knowledge or information sufficient to form a belief as to Plaintiffs' beliefs, and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies all allegations contained in Paragraph 107 of the Complaint.

108.    Defendant admits that the statement quoted in Paragraph 108 appears in the Dakota Growers 2007 Annual Report, without the emphasis added by Plaintiffs, and that Plaintiffs purport to cite to the same.  Defendant denies any and all remaining allegations contained in Paragraph 108 of the Complaint.

109.    Defendant admits that the statement quoted in Paragraph 108 appears in the Dakota Growers 2007 Annual Report, without the emphasis added by Plaintiffs, and that Plaintiffs purport to cite to the same.  Defendant admits that packaging for Dreamfields Pasta has, at certain times, stated that that Dreamfields pasta has a 65% lower glycemic index than regular pasta and 5 grams of digestible carbs.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "prominently make," and therefore denies all

allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 109 of the Complaint.

110.    Defendant admits an article that has, at certain times, been available on the Dreamfields website contains the statement quoted in Paragraph 110, and that Plaintiffs purport to attribute the statement to Exhibit S.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "significantly more expensive than other 'healthier' option pastas offered by leading brands," and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 110 of the Complaint.

111.    Defendant denies all allegations contained in Paragraph 111 of the Complaint.

112.    Defendant admits that the statement quoted in Paragraph 112 has, at certain times, appeared on the Dreamfields website, and that Plaintiffs purport to attribute the statement to Exhibit T.  Defendant denies any and all remaining allegations contained in Paragraph 112 of the Complaint.

113.    Defendant admits that Plaintiffs purport to bring claims pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the class and subclasses defined in Paragraph 113, but denies that certification of the purported class or subclasses, or any class, is appropriate. Defendant denies any and all remaining allegations contained in Paragraph 113 of the Complaint.

114.    Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiffs know or estimate, or as to what is meant by "geographically dispersed," and therefore denies the same.  Defendant denies that it has a database containing the names and/or addresses of its customers.  Defendant denies any and all remaining allegations contained in Paragraph 114 of the Complaint.

115.    Defendant denies all allegations contained in Paragraph 115 of the Complaint.

116.    Defendant denies all allegations contained in Paragraph 116 of the Complaint.

117.    Defendant lacks knowledge or information sufficient to form a belief as to whether "Plaintiffs can and will fairly and adequately represent and protect the Class Members' interests and have no interests that conflict with or are antagonistic to the Class Members' interests," or whether "Plaintiffs' attorneys are experienced and competent in class-action litigation," and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 117 of the Complaint.

118.    Defendant denies all allegations contained in Paragraph 118 of the Complaint.

119.    Defendant denies all allegations contained in Paragraph 119 of the Complaint.

120.    Defendant denies all allegations contained in Paragraph 120 of the Complaint.

121.     Defendant denies all allegations contained in Paragraph 121 of the Complaint.

122.     Defendant admits that Exhibit M to the Complaint purports to be an article by Jimmy Moore, and that Plaintiffs purport to attribute allegations contained in Paragraph 122 to Exhibit M, but denies that Exhibit M attributes the statements alleged in Paragraph 122 to Mike Crowley.  Defendant also lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in Exhibit M, and therefore denies all allegations regarding the same.  Defendant admits that Exhibit P to the Complaint purports to be an article by Bryan Tungland, and that Plaintiffs attribute allegations in Paragraph 122 to Exhibit P.  Defendant also admits that Exhibit P describes a study on eight test subjects and indicates that blood glucose results show that ingestion of Dreamfields pasta results in a 65% reduction in glycemic response as compared with traditional pasta.  Defendant denies that it "took several affirmative steps to conceal the true nature of Dreamfields pasta," and denies any and all remaining allegations contained in Paragraph 122 of the Complaint.

123.     Defendant lacks knowledge or information sufficient to form a belief as to the diligence or suspicions of Plaintiffs, and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 123 of the Complaint.

124.     Defendant denies all allegations contained in Paragraph 124 of the Complaint.

125.     Defendant admits that Plaintiffs purport to assert the tolling of the statute of limitations applicable to the causes of action pled in the Complaint.  Defendant denies that any

tolling is proper, and denies any and all remaining allegations contained in Paragraph 125 of the Complaint.

126.    Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

127.    The allegations contained in Paragraph 127 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to whether its product packaging constitutes an "advertisement" within the meaning of § 56-8-1(a) of the New Jersey Fraud Act, and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 127 of the Complaint.

128.    The allegations contained in Paragraph 128 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to whether Dreamfields pasta products constitute "merchandise" within the meaning of § 56-8-1(c), and therefore denies the same.  Defendant denies any and all remaining allegations contained in Paragraph 128 of the Complaint.

129.    Defendant denies all allegations contained in Paragraph 129 of the Complaint.

130.    Defendant denies all allegations contained in Paragraph 130 of the Complaint.

131.    Defendant admits that Plaintiffs seek the remedies described in Paragraph 131, and that Plaintiffs purport to do so on behalf of a class, but Defendant denies that such remedies are proper.  Defendant denies any and all remaining allegations contained in Paragraph 131 of the Complaint.

132.    Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

133.    The allegations contained in Paragraph 133 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133, and therefore denies the same.

134.    Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "[t]he UCL covers," and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 134 of the Complaint.

135.    The allegations contained in Paragraph 135 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135, and therefore denies the same.

136.     Defendant denies all allegations contained in Paragraph 136 of the Complaint.

137.     Defendant denies all allegations contained in Paragraph 137 of the Complaint.

138.     Defendant denies all allegations contained in Paragraph 138 of the Complaint.

139.     Defendant denies all allegations contained in Paragraph 139 of the Complaint.

140.     Defendant denies all allegations contained in Paragraph 140 of the Complaint.

141.     Defendant denies all allegations contained in Paragraph 141 of the Complaint.

142.     Defendant admits that Plaintiffs seek the remedies described in Paragraph 142, and that Plaintiffs purport to do so on behalf of a class, but Defendant denies that such remedies are proper.  Defendant denies any and all remaining allegations contained in Paragraph 142 of the Complaint.

143.     Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

144.     Defendant admits that Plaintiffs purport to bring a cause of action under the statute referenced in Paragraph 144, but Defendant denies that relief under that statute is proper. Defendant denies any and all remaining allegations contained in Paragraph 144 of the Complaint.

145.    Defendant denies all allegations contained in Paragraph 145 of the Complaint.

146.    Defendant admits that some advertisements for Dreamfields pasta were made in California.  The allegation that Defendant's advertisements and inducements come within the definition of advertising as contained in Business and Professions Code §§ 1750, *et seq.* constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to whether its advertisements "come within the definition of advertising as contained in Business and Professions Code §§ 1750, *et seq.*," and therefore denies the same.  Defendant denies that it "engaged in a scheme of offering misbranded food products," and denies any and all remaining allegations contained in Paragraph 146 of the Complaint.

147.    Defendant denies all allegations contained in Paragraph 147 of the Complaint.

148.    Defendant denies all allegations contained in Paragraph 148 of the Complaint.

149.    Defendant denies all allegations contained in the first sentence of Paragraph 149 of the Complaint.  The allegations contained in the second sentence of Paragraph 149 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to whether "misbranded products" are "as a matter law, worthless," and therefore denies the same.  Defendant also lacks knowledge or information sufficient to form a belief as to Plaintiffs' and putative Class

Members' payment for "misbranded food products," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 149 of the Complaint.

150.    Defendant denies all allegations contained in Paragraph 150 of the Complaint.

151.    Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

152.    Defendant admits that Plaintiffs purport to bring a cause of action pursuant to California's Consumer Legal Remedies Act, but Defendant denies that relief under that statute is proper.  Defendant denies any and all remaining allegations contained in Paragraph 152 of the Complaint.

153.    Defendant denies all allegations contained in Paragraph 153 of the Complaint.

154.    Defendant denies all allegations contained in Paragraph 154 of the Complaint.

155.    Defendant denies all allegations contained in Paragraph 155 of the Complaint.

156.    Defendant denies all allegations contained in Paragraph 156 of the Complaint.

157.     The allegations contained in Paragraph 157 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint, and therefore denies the same.

158.     The allegations contained in Paragraph 158 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint, and therefore denies the same.

159.     Defendant denies all allegations contained in Paragraph 159 of the Complaint.

160.     Defendant denies all allegations contained in Paragraph 160 of the Complaint.

161.     Defendant denies all allegations contained in Paragraph 161 of the Complaint.

162.     Defendant denies all allegations contained in Paragraph 162 of the Complaint.

163.     Defendant admits that Plaintiffs seek the remedy described in Paragraph 163, but Defendant denies that such relief is proper.  Defendant denies any and all remaining allegations contained in Paragraph 163 of the Complaint.

164.     Defendant admits that Plaintiffs purport that their counsel is serving Defendant with the notice required by the statute referenced in Paragraph 164, and that Plaintiffs' counsel sent a letter dated August 15, 2013 by certified mail, return receipt requested, to Timothy Dodd with the subject line "Notice of Violation of California Consumer Legal Remedies Act." Defendant denies any and all remaining allegations contained in Paragraph 164 of the Complaint.

165.     Defendant admits that Plaintiffs purport to bring a cause of action under the CLRA and seek the relief described in Paragraph 165, but Defendant denies that relief under the statute is proper.  Defendant denies any and all remaining allegations contained in Paragraph 165 of the Complaint.

166.     Defendant denies all allegations contained in Paragraph 166 of the Complaint.

167.     Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

168.     Defendant denies all allegations contained in Paragraph 168 of the Complaint.

169.     Defendant denies all allegations contained in Paragraph 169 of the Complaint.

170.     Defendant lacks knowledge or information sufficient to form a belief as to what is meant by unidentified "acts and omissions," or what is meant by "generally directed," and

therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 170 of the Complaint.

171.    Defendant denies all allegations contained in Paragraph 171 of the Complaint.

172.    Defendant denies all allegations contained in Paragraph 172 of the Complaint.

173.    Defendant denies all allegations contained in Paragraph 173 of the Complaint.

174.    Defendant admits that Plaintiffs seek the remedies described in Paragraph 174, and that they purport to do so on behalf a class, but Defendant denies that any such remedies are proper.  Defendant denies any and all remaining allegations contained in Paragraph 174 of the Complaint.

175.    Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

176.    Defendant admits that Plaintiffs purport to bring a cause of action pursuant to the statute referenced in Paragraph 176, but Defendant denies that relief under that statute is proper. Defendant denies any and all remaining allegations contained in Paragraph 176 of the Complaint.

177.    Defendant admits that Dreamfields pasta has been sold in the United States and in Michigan.  Defendant lacks knowledge or information sufficient to form a belief as to what is

meant by the undefined "class period," and therefore denies all allegations regarding the same. Defendant denies any and all remaining allegations contained in Paragraph 177 of the Complaint.

178.    Defendant denies all allegations contained in Paragraph 178 of the Complaint.

179.    Defendant denies all allegations contained in Paragraph 179 of the Complaint.

180.    Defendant denies all allegations contained in Paragraph 180 of the Complaint.

181.    Defendant denies all allegations contained in Paragraph 181 of the Complaint.

182.    Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

183.    Defendant admits that the statements quoted in Paragraph 183 have, at certain times, appeared on Dreamfields pasta packaging.  Defendant lacks knowledge or information sufficient to form a belief as to what is meant by "[f]urther down" and "near the bottom," and therefore denies all allegations regarding the same.  Defendant denies any and all remaining allegations contained in Paragraph 183 of the Complaint.

184.    Defendant denies all allegations contained in Paragraph 184 of the Complaint.

185.    Defendant denies all allegations contained in Paragraph 185 of the Complaint.

186.     Defendant denies all allegations contained in Paragraph 186 of the Complaint.

187.     Defendant denies all allegations contained in Paragraph 187 of the Complaint.

188.     Defendant fully incorporates by reference herein its responses to the preceding paragraphs of the Complaint.

189.     Defendant denies all allegations contained in Paragraph 189 of the Complaint.

190.     Defendant denies all allegations contained in Paragraph 190 of the Complaint.

**SEPARATE OR AFFIRMATIVE DEFENSES**

1.     Defendant specifically reserves all separate or affirmative defenses that it may have against each putative class member.  It is not necessary at this time for Defendant to delineate such defenses against the putative class members because no class has been certified and the putative class members are not parties to the litigation.

2.     The Complaint fails to state a claim upon which relief can be granted.

3.     Plaintiffs cannot satisfy the rigorous requirements of Rule 23, particularly the requirement that any purported class be ascertainable.

4.     To the extent Plaintiff fails to demonstrate that every putative class member relied on Defendant's representations, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the New Jersey Constitution, the U.S. Constitution, and any other applicable state constitutions.

5.      To the extent Plaintiff fails to demonstrate that the products at issue failed to perform as advertised with respect to every putative class member, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the New Jersey Constitution, the U.S. Constitution, and any other applicable state constitution.

6.      To the extent Plaintiff fails to demonstrate that every putative class member sustained cognizable damages as a result of Defendant's actions, any finding of liability on a class-wide basis would violate Defendant's rights under the due process clause of the New Jersey Constitution, the U.S. Constitution, and any other applicable state constitution.

7.      The recovery of restitution by Plaintiff or putative class members who were not subject to any alleged misconduct by Defendant or for whom any alleged misconduct by Defendant did not cause any injury violates Defendant's right to due process under the New Jersey Constitution, the U.S. Constitution, and any other applicable state constitution.

8.      To the extent that it is not permitted to conduct discovery and introduce evidence as to each and every putative class member's individual claims, any finding of liability on a class-wide basis would violate Defendant's rights under the New Jersey Constitution, the U.S. Constitution, and any other applicable state constitution.

9.      The claims of Plaintiff and some or all putative class members are barred by the voluntary payment doctrine because Plaintiff and putative class members voluntarily paid for Defendant's products about which they now complain with full knowledge of the facts and circumstances pursuant to which such amounts were paid.

10.     The claims of Plaintiff and some or all putative class members are barred by the doctrine of accord and satisfaction to the extent that they sought and received a refund of their purchase price.

11.     Plaintiff and some or all putative class members do not have standing to bring the claims asserted in the Complaint.

12.     The claims of Plaintiff  and putative class members are barred because the alleged representations made by Defendant, if any such representations were made, were not the proximate cause of Plaintiff's or putative class members' damages.

13.     Plaintiff and some or all putative class members have failed to mitigate their damages.

14.     Any liability found on the part of Defendant, and any damages awarded in favor of Plaintiff and putative class members, are subject to the common law comparative fault rules of Minnesota and any other applicable state law, and Defendant cannot be liable for more than its proportionate share of any damages awarded.  Further, pursuant to any applicable state law, any damages awarded to Plaintiff and putative class members are subject to apportionment by the jury of the total fault of all participants in the incidents, including Plaintiff and non-parties.

15.     Plaintiff and putative class members are not entitled to equitable relief because there is an adequate remedy at law.

16.     Plaintiff and putative class members are not entitled to recover because their damages, if any, are too speculative.

17.     Defendant is entitled to any set-offs or reductions in liability from collateral sources available to Plaintiff or putative class members.

18.     Defendant is entitled to a set-off of the value of refunds already provided, or a credit for previous payments.

19.     Claims for breach of warranty by Plaintiff and some or all putative class members are barred because they were not in privity with Defendant.

20.     Claims for breach of warranty by Plaintiff and some or all putative class members are barred because Defendant did not issue any warranties for its products.

21.     Plaintiff's and some or all class members' causes of action for breach of warranty are barred because Plaintiff and some or all class members did not provide Defendant with timely and proper notice of any alleged breach of warranty.

22.     Plaintiff's and putative class members' claims are barred, in whole or in part, because Defendant's representations relating to its products, if any, were not false or misleading, and therefore constitute protected commercial speech under the applicable provisions of the United States Constitution.

23.     Plaintiff's and putative class members' claims are barred, in whole or in part, because Defendant's representations regarding its products complied with all applicable codes, standards, and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

24.     Plaintiff's and putative class members' claims are barred in whole or in part, because the state law safe harbors in New Jersey and other applicable states shield Defendant from liability for undertaking actions specifically authorized by federal or state regulatory bodies.

25.     Plaintiff's and putative class members' claims are barred because at the time Defendant made the representations complained of, if any such representations were made, Defendant believed the representations were true.

26.     Plaintiff's and putative class members' claims are barred because the representations complained of, if any such representations were made, were not material and did not induce entry into the transactions at issue.

27.    Plaintiff's and putative class members' claims are barred because they did not reasonably or justifiably rely on Defendant's representations.

28.    Plaintiff's and putative class members' claims are barred because they had equal or superior knowledge of relevant facts.

29.    Plaintiff's and some or all putative class members' claims are barred in whole or in part by the applicable statutes of limitations, the doctrine of laches, and any other applicable temporal limitations.

30.    Claims asserted under New Jersey law are not applicable to class members who do not reside in, and/or did not purchase Defendant's products in, the State of New Jersey.

31.    Claims asserted under California law are not applicable to class members who do not reside in, and/or did not purchase Defendant's products in, the State of California.

32.    Claims asserted under New York law are not applicable to class members who do not reside in, and/or did not purchase Defendant's products in, the State of New York.

33.    Claims asserted under Michigan law are not applicable to class members who do not reside in, and/or did not purchase Defendant's products in, Michigan.

34.    Plaintiff's and putative class members' claims are barred in whole or in part by the doctrine of primary jurisdiction in that the issues which are material to plaintiffs' allegations are within the jurisdiction of federal agencies that have the expertise and ability to make appropriate federal policy decisions regarding these matters, warranting deference to their deliberations.

35.    Plaintiff's and putative class members' claims are barred in whole or in part because Defendant's labeling and advertising is comprehensively regulated by the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug & Cosmetic Act, 21

U.S.C. §§ 301, *et seq*. ("FDCA"), and regulations promulgated thereunder, and Plaintiff's and putative class members' claims conflict with the FDCA, with the regulations promulgated to implement the FDCA, and with FDA's communication and guidance interpreting the FDCA. Accordingly, Plaintiff's and putative class members' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

36.     Defendant expressly reserves the right to amend this answer.  In doing so, Defendant specifically reserves its defenses under Federal Rule of Civil Procedure 12(b).

37.     By asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.  Defendant specifically reserve all separate or additional defenses that it may have against the named Plaintiff or putative class members.

## JURY DEMAND

Defendant demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That this case no longer continue as a purported class action;

2.     That Plaintiff takes nothing by way of the Complaint;

3.     That Judgment be entered in favor of Defendant and against Plaintiff and that the Complaint be dismissed with prejudice;

4.     That Defendant be awarded its costs of suit incurred in the defense of this action;

5.     That Defendant be awarded, as allowed by law, its attorneys' fees incurred in the defense of this action;

6.     For a jury trial on all issues so triable; and

7.      For such other relief as this Court deems proper.


Dated:  September 24, 2013                Respectfully Submitted,

                                          Dakota Growers Pasta Company, Inc.,

                                          */s/ Lorna A. Dotro*_____
                                          Lorna A. Dotro, Esq.
                                          COUGHLIN DUFFY LLP
                                          350 Mt. Kemble Avenue
                                          Morristown, NJ 07962
                                          Telephone: (973) 267-0058
                                          Facsimile: (973) 267-6442

                                          Michael W. Davis (*pro hac vice pending*)
                                          T. Robert Scarborough (*pro hac vice pending*)
                                          Elizabeth M. Chiarello (*pro hac vice pending*)
                                          Sidley Austin LLP
                                          One South Dearborn
                                          Chicago, IL 60603
                                          Telephone: (312) 853-7000
                                          Facsimile: (312) 853-7036

                                          *Counsel for Dakota Growers Pasta Company, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2013, I caused a true and correct copy of the foregoing Defendant's Answer and Separate or Affirmative Defenses to Class Action Complaint to be served electronically on all counsel of record via the Court's ECF filing system.


                                          */s/ Lorna A. Dotro*_____