UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED

MAY 09 2014

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

JOSEPH MIRAKAY, LOUIS MESSINA, )
MICHAEL ELEFTERAKIS & JOHN )
GEMBINSKI, on behalf of themselves and )
Others similarly situated, )
)
               Plaintiff, )
)
  v. )
)
DAKOTA GROWERS PASTA COMPANY, )
INC.; GLENCORE XSTRATA; and VITERRA, )
INC., )
               Defendants. )

Case No. 3:13-cv-04429-JAP-LHG

**JURY TRIAL DEMANDED**

**PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on plaintiffs' motion for preliminary approval of a proposed class action settlement in the above-captioned case (the "Litigation"), pursuant to the Settlement Agreement and General Release ("Settlement Agreement" or "Settlement") between plaintiffs and Defendant Dakota Growers ("Defendant"), the Court, having reviewed the papers and arguments of counsel, and due notice having been provided, hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. The Court has conducted a thorough review of the terms of the Settlement Agreement and other materials submitted by plaintiffs. Based on that review, the Court finds that the Settlement Agreement was negotiated at arm's-length by experienced counsel for plaintiffs and falls within the range of possible final approval. Therefore, the Court grants preliminary approval of the Settlement.

3.  Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all individuals who purchased Dreamfields Pasta products sold in the United States for personal use and not resale or distribution, with a label that referred to "glycemic index" or "digestible carbs," between February 2004 and the date that the Settlement Class is first notified of the Settlement (the "Covered Products").

4.  For settlement purposes only, the Court hereby preliminarily appoints Joseph Mirakay, Louis Messina, Michael Elefterakis, John Geminski, and Jesse Weiss as representatives of the Settlement Class and the following as Settlement Class Counsel:

Brian Penny
GOLDMAN SCARLATO KARON & PENNY, P.C.
101 East Lancaster Avenue, Suite 204
Wayne, PA 19087

William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120

John D. Zaremba
ZAREMBA BROWNELL & BROWN PLLC
40 Wall Street, 27th Floor
New York, New York 10005

Charles W. Branham, III
BRANHAM LAW GROUP, LLP
3900 Elm Street
Dallas, TX 75226

5.  On _September 24_, 2014, at _10:00_ a.m./p.m., this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and to determine whether (a) final approval of the settlement should be granted; (b) Settlement Class Counsel's application for attorneys' fees and

2

expenses should be granted, and in what amount; and (c) the request for an incentive award for the named plaintiffs should be granted, and in what amount. No later than fourteen (14) days before the Fairness Hearing, plaintiffs must file their papers in support of final settlement approval and in response to any objections, as well as their application for attorneys' fees, costs, and an incentive award for plaintiffs. Defendant may (but is not required to) file papers in support of final settlement approval, so long as it does so no later than fourteen (14) days before the Fairness Hearing.

6. Based on the documents submitted and information provided to the Court in connection with preliminary approval, the Court approves the content of and proposed plan for giving notice to the Settlement Class. The plan for giving notice, in form, method, and content, fully complies with the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Settlement Administrator to begin the notice plan on or before **July 1, 2014** and to complete the Notice Plan within sixty (60) days after the first notice is published.

7. The Court approves the claim form attached as Exhibit E to the Settlement Agreement.

8. All persons who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing, identifying the case name *Mirakay, et al. v. Dakota Growers Pasta Company, Inc., et al.*, and, state the name, address, and phone number of the Settlement Class member(s) seeking exclusion. Each request must also contain a signed statement that: "I/We hereby request to be excluded from the proposed Settlement Class in the

Dreamfields Pasta Litigation." The request must be mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than **September 1, 2014**. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the person(s) serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement. The Settlement Administrator shall promptly forward copies of all requests for exclusion to Settlement Class Counsel and counsel for Defendant.

9. Any member of the Settlement Class who does not exclude themself may comment in support of or in opposition to the Settlement or the proposed Attorneys' Fee Award, and may do so in writing, in person, or through counsel, at his or her own expense, at the Fairness Hearing. Except as the Court may order otherwise, no Settlement Class member objecting to the Settlement shall be heard and no papers, briefs, pleadings, or other documents submitted by any such class member shall be received and considered by the Court unless such class member shall both file with the Clerk of Court, United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, N.J. 08608, and mail to Settlement Class Counsel, Brian Penny, GOLDMAN SCARLATO KARON & PENNY, P.C., 101 East Lancaster Avenue, Suite 204, Wayne, PA 19087 and William B. Federman, FEDERMAN & SHERWOOD, 10205 North Pennsylvania Avenue, Oklahoma City, OK 73120, and counsel for Dakota Growers, Michael W. Davis, Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, a written objection with the caption *Mirakay, et al. v. Dakota Growers Pasta Company, Inc.,* No. 3:13-cv-04429-JAP-LHG, that includes: (a) the Settlement Class member's full name and current address; (b) a signed

declaration that he or she is a member of the Settlement Class and that identifies the product(s) purchased as well as the approximate date and location of the purchase(s); (c) the specific grounds for the objection or comment in support of the settlement; (d) all documents, writings, or testimony that such Settlement Class member desires the Court to consider; and (e) a notice of intention to appear (if any). Any Settlement Class member who intends to appear at the Fairness Hearing through counsel must also state the identity of all attorneys representing him/her who will appear at the Fairness Hearing. Any such Settlement Class member also must (1) identify every case by name, court, and case number in which his/her attorney has appeared as an objector's counsel within the past five years; (2) provide a copy of the papers the attorney, as objector's counsel, filed in any such case; (3) identify any sanction that such counsel has received from any court in connection with the attorney's efforts as an objector's counsel; and (4) provide any court order in which a court refers to or discusses the objector's counsel, the objector represented by such counsel, or the objection raised by such objector and counsel. All written objections shall be filed and postmarked no later than **September 1, 2014**. While the declaration described in subparagraph 9(b) is *prima facie* evidence that the objector is a member of the Settlement Class, the Parties may take discovery regarding the matter. Any Settlement Class members who object shall make themselves available to be deposed by Settlement Class Counsel and counsel for Defendant in the county of the objector's residence within ten (10) days of service of his or her timely filed objection. If a Settlement Class member does not submit a written comment on the proposed settlement in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class member is not granted relief by the Court, the Settlement Class member shall waive his or her right to be heard at the Fairness Hearing.

10. Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding related to the settlement of the Litigation. To appeal from any provision of an order approving the settlement as fair, reasonable, and adequate; any incentive awards to the named plaintiffs; or any award of attorneys' fees and expenses to Settlement Class Counsel, the Settlement Class member must appear in person at the Fairness Hearing, or through his or her counsel, or seek leave of Court excusing such appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at the Fairness Hearing.

11. In further aid of the Court's jurisdiction to review, consider, implement and enforce the Settlement, plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

12. The Settlement Agreement, or any documents, proceedings, orders, or other matters related in any way thereto, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration,

tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Dakota Growers or any other Released Party. Dakota Growers has denied and continues to deny the claims asserted by plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of its enforcement.

13. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: _May 9_, 2014

_____
HONORABLE JOEL A. PISANO,
UNITED STATES DISTRICT COURT JUDGE