UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MIRAKAY, et al.,
v.
DAKOTA GROWERS PASTA CO., INC.

No. 3:13-cv-04429-JAP-LHG

## OBJECTION TO SETTLEMENT AND REQUEST FOR ATTORNEY'S FEES

Class member Vincent L. Verdiramo, 57 Loft Drive, Martinsville, New Jersey 08836, hereby objects to the proposed settlement and Class Counsel's fee request. Mr. Verdiramo and/or his wife Marion Verdiramo purchased numerous boxes of Dreamfields Pasta products for his personal use during the Class Period, specifically because he is diabetic and wished to lower his intake of sugar. Mr. Verdiramo will appear at the fairness hearing through his undersigned counsel.

This Court may not approve this settlement until the amount of direct benefit to the class is known. *See In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3rd Cir. 2014)(court should "withhold final approval of a settlement until the actual distribution of funds can be estimated with reasonable accuracy"). The parties must provide this Court with the claims data as well as the total amount that will be paid to the class, before any final approval of this settlement may be granted. Presumably, this data will be filed before the date of the fairness hearing.

Secondly, no award of attorneys' fees may be made until the value of the settlement is known. In any event, a fee award of $2.9 million, where the maximum overall value of the settlement is no more than $7.9 million, is excessive. $2.9 million is almost 37% of the maximum benefit that could be paid by Dakota Growers. This clearly exceeds the upper limit of percentage fees awarded by this Circuit.

The percentage represented by a $2.9 million fee award, however, is in reality much higher, and perhaps as much as 50% or higher, when the actual distribution to the class is taken into account, as it must be. *See In re Baby Prods., supra*, at p. 179 ("In evaluating a fee award, [court] should begin by determining with reasonable accuracy the distribution of funds that will result from the claims process."). The Court should award Class Counsel no more than 30% of the amount actually claimed by and paid to the class.

Nor is a $2.9 million fee award justified by the amount of lodestar Class Counsel could have generated during the nine months between the filing of the Complaint and settlement. No substantive motion practice occurred. The filing of the Complaint followed an FDA investigation, and liability was already substantially established, which likely explains why Dakota Growers never moved to dismiss.

This Court has violated Rule 23(h) and class members' due process rights by requiring fee objections to be filed before Class Counsel has filed its Fee Motion. *See In re: Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).

> The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date after the motion and documents supporting it have been filed.... The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.

*Id.* at 993-94.

The Ninth Circuit went so far as to describe the process followed in this case as "border[ing] on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion." *Id.* at 993.

The consequences of the improper and unconstitutional timing are apparent here, where class members have been forced to guess at the amount of Class Counsel's lodestar and the justifications for their $2.9 million fee request, at the time when their objections are due. As argued above, however, under no circumstances may Class Counsel receive more than 30% of the amounts actually paid to the class.

**STATEMENT OF CLASS MEMBERSHIP**

I hereby declare under the pains and penalties of perjury that I and/or my wife purchased generally six or more boxes every two weeks over a seven year period for an approximate 720 boxes or more of Dreamfields pasta between approximately 2006 and 2013 at the following supermarkets:

  A & P, Warren, New Jersey

Further, based on the claims made by Dreamfields of a lower glycemic count, I recommended Dreamfields pasta to all of my friends.

          _____
          Vincent L. Verdiramo

          Respectfully submitted,
          Vincent L. Verdiramo
          By his attorney,


          */s/ Vincent S. Verdiramo*
          VINCENT S. VERDIRAMO
          VERDIRAMO & VERDIRAMO ESQS, PA
          3163 Kennedy Blvd.
          Jersey City NJ 07306
          (201) 798-7082
          (201) 798-4627
          verdiramo@aol.com

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing document was filed via the ECF filing system on August 29, 2014, and that as a result electronic notice of the filing was served upon all attorneys of record.

                                                     */s/ Vincent S. Verdiramo*
                                                     Vincent S. Verdiramo