Clerk of the Court
United States District Court
402 East State Street, Room 2020
Trenton, NJ 08608

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2014 SEP 2 pm 9 47

Re: Mirakay v. Dakota Growers Pasta Company, Inc., No. 3:13-cv-04429-JAP-LHG
OBJECTION TO PROPOSED SETTLEMENT

To the Honorable Judge Joel A. Pisano:

    I am a class member; I filed claim no. 3046501

### A. The Settlement Favors Class Counsel and is not Fair

    A settlement came only a few weeks after the complaint was served but the attorneys are demanding 37% of the settlement. An additional $1 million will go to notice expenses, only $4 million can potentially go to the class. Much of the $4 million will go to a cy pres beneficiary. Even assuming the $4 million will go to the class, the attorneys will earn close to what the class receives (or 73%). The class representatives are demanding a grossly excessive $20,000 incentive payment; far too high when compared to the benefits to the class.

    The disproportionate benefit sought by the attorneys demonstrates they are not putting their clients first. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir.2011) identifies a disproportionate distribution of fees to counsel as the first warning sign of a inequitable settlement.

        1.      *Class Members are not the Primary Beneficiaries of the Settlement.*

    The court and class do not understand how much of the Settlement Fund will go to the class. Rather than distributing the funds pro rata, the Settlement Agreement puts two caps on payments to class members. Online purchasers can be reimbursed for an unlimited number of pasta purchases, but in store purchasers can only be reimbursed for up to 15 boxes (the first cap on in-store purchasers). For these purchasers, the maximum initial claim is approximately $30.00 (i.e., $29.85). That's a fairly small amount – small enough that the claims rate is likely to be extremely low. If funds remain after the initial allocation, payments may be adjusted upwards. But again, there is a cap on this adjustment of 50%. For in-store purchasers the cap will limit upward adjustment to $44.75.

    Instead of paying class members more for valid claims, the parties decided the remaining funds should go to a cy pres beneficiary, the American Diabetes Association. Funds remaining due to uncashed checks will also go to the American Diabetes Association. There is no nexus between the class or claims made in the complaints and the American Diabetes Association. Some other beneficiary must be chosed, such as national organizations that fight to protect consumers against false advertising and false labeling.

    Claims rates in class action settlements are frequently extremely low. *See Sullivan v. DB*

Case 3:13-cv-04429-JAP-LHG   Document 61   Filed 09/02/14   Page 2 of 5 PageID: 1214

Re: Mirakay v. Dakota Growers Pasta Company, Inc., No. 3:13-cv-04429-JAP-LHG
OBJECTION TO PROPOSED SETTLEMENT
September 1, 2014
Page 2

*Invs., Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (en banc) (noting evidence that "consumer claim filing rates rarely exceed seven percent, even with the most extensive notice campaigns."). Claims tend to be especially low when the rewards for filing a claim are small. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("Given the tiny sum per person, who would bother to mail a claim."). Pearson v. NBTY, Inc., No. 11-cv-7972, 2014 WL 30676, at *22 (N.D. Ill. Jan. 3, 2014) (0.25% claims rate overall where maximum claim was $12 without proof of purchase and $50 with proof of purchase).

Before attorney fees can be awarded, the court must know the results they have delivered to their clients or what portion of the $4 million will go to class members.

Funds can be allocated pro rata once claims have been counted, especially since the Settlement requires a supplemental allocation. This settlement completely ignores the Third Circuit mandate: "Class members are not indifferent to whether funds are distributed to them or to cy pres recipients, and class counsel should not be either." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013) (counsel has "responsibility to seek an award that adequately prioritizes direct benefit to the class" and fees should reflect that). Therefore, "one of the additional inquiries for a thorough analysis of settlement terms is the degree of direct benefit provided to the class." *Id.* "Barring sufficient justification, cy pres awards should generally represent a small percentage of total settlement funds. . . If cy pres is an excessive share of the total relative to direct class recovery, a district court should consider whether to "urge the parties to implement a settlement structure that attempts to maintain an appropriate balance between payments to the class and cy pres awards." *Id.*

This settlement is not structured to make class members the primary beneficiaries. The funds should be distributed pro rata, with cy pres beneficiaries used only as a last resort when further distribution to the class becomes impractical.

2. *Signs of Self-Dealing*

Other provisions in the Settlement Agreement improperly favor the interests of class counsel over the interests of absent class members. Paragraph 21.B (ii) of the Settlement Agreement includes a quick-pay provision, which provides that class counsel will receive their fees ten days after the court enters its Final Judgment and Order. Class members, however, will only be paid after the Effective Final Judgment Date. Settlement Agreement ¶ 21.C. If the case is appealed, class members may be waiting years to receive their payments, but class counsel will be enjoying their fees and will have little incentive to conclude the litigation or work in the best interests of the class. This court must strike the quick pay provision or enjoin its implementation.

The attorneys' fee provisions, Settlement Agreement ¶ 6, also provide that the Defendants "will not object" to the fee award. The presence of a clear sailing agreement is the second warning sign that a class action settlement is inequitable under *Bluetooth*. "[T]he very

Case 3:13-cv-04429-JAP-LHG Document 61 Filed 09/02/14 Page 3 of 5 PageID: 1215

Re: Mirakay v. Dakota Growers Pasta Company, Inc., No. 3:13-cv-04429-JAP-LHG
OBJECTION TO PROPOSED SETTLEMENT
September 1, 2014
Page 3

existence of a clear sailing provision increases the likelihood that class counsel will have bargained away something of value to the class." . . .(citation). Therefore, when confronted with a clear sailing provision, the district court has a heightened duty to peer into the provision and scrutinize closely the relationship between attorneys' fees and benefit to the class, being careful to avoid awarding "unreasonably high" fees simply because they are uncontested. *Bluetooth*, 654 F.3d at 947, *citing Staton v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003).

Finally, if the court modifies the attorneys' fees, under ¶ 21(D) of the Settlement Agreement, "The difference between the Modified Attorneys' Fee Award and $2.92 million, as well as the interest earned thereon, shall revert to Defendant." This is the third red flag identified in *Bluetooth*: when the "parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Bluetooth*, 654 F.3d at 947. This "kicker arrangement reverting unpaid attorneys' fees to the defendant rather than to the class amplifies the danger" that is "already suggested by a clear sailing provision." *Id.* at 949. The clear sailing provision shows the defendants are willing to pay the full settlement amount, but the kicker deprives the class of receiving the full settlement fund if the court determines the attorneys are requesting too much. In a typical common fund settlement, the court may reduce the percentage award requested by counsel, and the class will be the beneficiary.

Under the proposed settlement, if the Court awards the attorneys less than the $2.92 million fee the Defendant has already agreed to pay, the <u>Defendant will benefit, not the class</u>. A settling defendant is concerned only with total liability, and does not care about the allocation of the settlement fund. This reversion of the fees to the Defendant protects class counsel and deters the court from scrutinizing the fee award. Combined with the clear sailing agreement, class counsel have insulated their fee from attack. *See Lester Brickman*, LAWYER BARONS 522-25 (2011) (arguing reversionary kickers should be considered per se unethical). The quick pay and clear sailing provisions, with fee segregation, are red flags indicating class counsel negotiated a self-serving settlement that demands scrutiny and rejection.

### B. Class Members are Prejudiced.
#### 1. *The right to notice*

Rule 23 establishes class members' rights to notice at various stages of the litigation. Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires notice must be provided in a "reasonable manner". Today the best notice practicable should requires posting relevant documents on the settlement website. That was not done. The only court documents on the website are the Settlement Agreement and the Preliminary Approval Order. Missing are the complaint, motion for final approval and the attorneys' fee motion. The court erred in setting the deadline for the final approval motion and attorney fee motion after the objection deadline.

Re: Mirakay v. Dakota Growers Pasta Company, Inc., No. 3:13-cv-04429-JAP-LHG
OBJECTION TO PROPOSED SETTLEMENT
September 1, 2014
Page 4

Rule 23(h) establishes the right to notice and the opportunity to review class counsel's fee motion. Rule 23(h) provides (1) A claim for an award must be made by motion . . [and] directed to Class Members in a reasonable manner." The Advisory Committee notes to the 2003 Amendments to Rule 23(h) elaborate that "in setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶68. The Ninth Circuit has described setting the deadline for filing a fee motion after the objection deadline as "border[ing] on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir.2010). A district court in this Circuit implicitly agreed. *See McDonough v. Toys "R" Us, Inc.*, 834 F. Supp. 2d 329, 348 (E.D. Pa. 2011)(citing *Mercury* in noting the court had set the deadline for filing of the fee motion prior to the objection deadline but that counsel had erred in not posting the motion to the settlement website) (vacated on other grounds).

2. *The right to be heard*

Rule 23(e)(5) states that "Any class member may object to the [settlement] proposal if it requires court approval under this subdivision (e)". Despite this clear statement that "any class member may object", (and despite the constitutional right to be heard), the parties decided, and the court approved, a Settlement Agreement and Class Notice that impose onerous requirements designed to limit objections. These requirements also interfere with class member's ability to obtain counsel.

Requiring an objector submit to a deposition as a pre-condition to objecting in a class action settlement is improper and would serve no useful purpose. Discovery is aimed at obtaining information relevant to a party's claims or defenses. Fed.R.Civ.Proc. 26(b)(1). Subject to final approval, however, this case is settled. Information from class members cannot possibly be relevant; discovery of objector's counsel similarly does not affect this case.

The settlement should be rejected.

Sincerely,


Dawn Weaver
208 via Morello
Encinitas, CA 92024

Re: Mirakay v. Dakota Growers Pasta Company, Inc., No. 3:13-cv-04429-JAP-LHG
OBJECTION TO PROPOSED SETTLEMENT
September 1, 2014
Page 4

Rule 23(h) establishes the right to notice and the opportunity to review class counsel's fee motion. Rule 23(h) provides (1) A claim for an award must be made by motion . . [and] directed to Class Members in a reasonable manner." The Advisory Committee notes to the 2003 Amendments to Rule 23(h) elaborate that "in setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." Fed. R. Civ. P. 23, 2003 Advisory Committee Notes, ¶68. The Ninth Circuit has described setting the deadline for filing a fee motion after the objection deadline as "border[ing] on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir.2010). A district court in this Circuit implicitly agreed. See *McDonough v. Toys "R" Us, Inc.*, 834 F. Supp. 2d 329, 348 (E.D. Pa. 2011)(citing *Mercury* in noting the court had set the deadline for filing of the fee motion prior to the objection deadline but that counsel had erred in not posting the motion to the settlement website) (vacated on other grounds).

2.   *The right to be heard*

Rule 23(e)(5) states that "Any class member may object to the [settlement] proposal if it requires court approval under this subdivision (e)". Despite this clear statement that "any class member may object", (and despite the constitutional right to be heard), the parties decided, and the court approved, a Settlement Agreement and Class Notice that impose onerous requirements designed to limit objections. These requirements also interfere with class member's ability to obtain counsel.

Requiring an objector submit to a deposition as a pre-condition to objecting in a class action settlement is improper and would serve no useful purpose. Discovery is aimed at obtaining information relevant to a party's claims or defenses. Fed.R.Civ.Proc. 26(b)(1). Subject to final approval, however, this case is settled. Information from class members cannot possibly be relevant; discovery of objector's counsel similarly does not affect this case.

The settlement should be rejected.

Sincerely,

Dawn Weaver
208 via Morello
Encinitas, CA 92024