Lewis W. Matteson III
1990 Highway 39
Hunt, TX 78024

August 29, 2014



RECEIVED
SEP 05 2014
AT 8:30_____M
WILLIAM T. WALSH
CLERK

United States District Court for the District of New Jersey

### *Mirakay v. Dakota Growers Pasta Company, Inc.*, No. 3:13-cv-04429-JAP-LHG

My full name is Lewis W. Matteson, III, and my current address is 1990 Highway 39, Hunt, TX 78024. By my signature below, I confirm that I am a member of the Settlement Class; a list of purchases of Dreamfields products, including dates and locations, is attached.

I object to the terms of the proposed settlement for the following reasons:
1) It is not possible, from the Notice and Settlement Agreement, to determine whether the settlement payments are fair, reasonable, or adequate;
2) The fees to be paid to the attorneys for the Settlement class are too high compared to the benefit to the class; and
3) It is unfair to limit compensation for store purchasers to 15 boxes, if additional purchases can be documented.

**1) It is not possible, from the Notice provided, to determine whether the settlement payments are fair, reasonable, or adequate.**

There is no way for absent class members to evaluate the fairness, reasonableness or adequacy of the settlement payments, because no information is provided estimating the size of the class, the number of packages subject to compensation, or the number of class members expected to respond to the notice. No information is provided supporting Dakota Growers' assertions denying the allegations raised. There is no factual basis on which absent class members can evaluate the settlement. Since the funds available for compensation are limited and the potential number of class members could be quite large, there is no guarantee that class members will receive anything of value at all. The notice does not clearly state the information needed to make an informed decision.

Documents filed by the plaintiffs claim that Dakota Growers sold "millions of boxes" during the time in question, which is not nearly specific enough to be helpful. An online video[1] from ExactTarget, touting the success of email marketing efforts for Dreamfields Pasta, claims that Dreamfields sold "well over 22 million pounds" of

---

[1] http://www.youtube.com/watch?feature=player_embedded&v=1MAgh26NJX0, at approx. 1:24; accessed 8/20/2014, 4:25pm EDT

Page **1** of **4**

product in 2012 alone. That's over 25 million boxes of pasta in just that year. It wouldn't be unreasonable to extrapolate that to roughly 200 million boxes sold between February 2004 and now.[2]

After deducting $1,000,000 for notice, claims administration and fees, the total assured to be available to be disbursed to class members is $4,000,000. If more than about 8 million box purchases are submitted for compensation (only about 4% of the boxes that were apparently sold) the amount available to class members per box will be less than the cost of the postage stamp needed to send the compensation check. If *fewer* than 4% of the box purchases are submitted for compensation, one could easily argue that the notice was insufficient. In fact, the proposed compensation per box, $1.99, is reasonable, almost generous. But, working from the information in the ExactTarget video, if more than 1% or 2% of purchases are submitted for compensation, class members will not receive that amount. The ExactTarget video may be completely wrong, but without that kind of information, there is no way for absent class members to judge whether the proposed settlement will end up being fair, reasonable or adequate.

**2) The fees to be paid to the attorneys for the Settlement class are too high compared to the benefit to the class.**

Attorneys' fees, incentive awards, notice costs, claims administration and other fees and costs (up to $3,920,000) are almost half (49.5%) of the total settlement amount ($7,920,000); almost equal to the amount designated as compensation to class members ($4,000,000). Those expenses, consisting primarily of the attorneys' fees, are out of proportion to the benefit to the class members. The settlement favors class counsel at the expense of the class.

The way the settlement is structured, if a large number of boxes are submitted for compensation, the value of the settlement compensation to individual class members could be negligible. In addition, if a small enough number of box purchases are submitted for compensation, the benefit to the class members could be reduced below $4,000,000, but the attorneys could still receive their $2,900,000. Instead, their fee should reflect the value of the settlement benefit to the class members.

Class action lawsuits are valuable when large numbers of claimants have individually small claims against defendants with deep pockets. But, when such a large portion of the settlement amount never makes it to the claimants, it creates a perverse incentive for the plaintiffs' attorneys to negotiate a deal that enriches the attorneys without providing appropriate benefit to the class members. Perhaps the settlement would be more equitable if, instead of reducing the compensation per box when total claims exceed the amount available, the attorneys' fees were reduced instead. The attorneys should be compensated based on how good they were at negotiating adequate compensation for class members, not on their costs or hourly billing rate.

---

[2] Assuming (the ExactTarget figures of) 7 million pounds in 2004 and 22 million pounds in 2014, increasing annual sales linearly between those two dates, with no increase after 2012, adjusting the 2004 and 2014 figures based on the settlement agreement, and assuming 13.25 ounces per box, gives 196 million boxes sold.

**3) It is unfair to limit compensation for store purchasers to 15 boxes, if additional purchases can be documented.**

Store purchasers are unfairly limited to compensation for a maximum of 15 boxes, whereas online purchasers are compensated without a limit on the number of boxes. I can document my store purchases of 43 packages of Dreamfields products just between 1/1/2012 and 7/1/2014, almost triple the number allowed. When store purchasers can support purchases in excess of 15 boxes with copies of store receipts, showing the items purchased and date of purchase, they should be compensated for all the boxes purchased, without limit, just as the online purchasers are. All class members should be treated equally and have equal claims, or should be separately represented.

*Lewis M. Wyatt*

Lewis W. Matteson
Email: whit_matteson@att.net
Cell: (404) 273-9755


cc:    Brian D. Penny; Goldman Scarlato Karon & Penny, P.C.
       William B. Federman; Federman & Sherwood
       Michael W. Davis; Sidley Austin LLP

Enc.   Schedule of Purchases

SCHEDULE OF PURCHASES

| Product Purchased | Date of purchase | Location |
|---|---|---|
| Rotini | 1/12/2012 | Publix / Snellville GA |
| Rotini | 1/14/2012 | Publix / Snellville GA |
| Spaghetti | 1/14/2012 | Publix / Snellville GA |
| Rotini | 1/30/2012 | Publix / Snellville GA |
| Spaghetti | 3/16/2012 | Publix / Snellville GA |
| Penne Rigate | 5/18/2012 | Publix / Snellville GA |
| Spaghetti (2) | 6/25/2012 | Publix / Snellville GA |
| Spaghetti (2) | 7/26/2012 | Walmart / Snellville GA |
| Rotini | 7/31/2012 | Walmart / Kerrville TX |
| Spaghetti (2) | 7/31/2012 | Walmart / Kerrville TX |
| Spaghetti (2) | 8/8/2012 | Walmart / Kerrville TX |
| Spaghetti | 8/18/2012 | Publix / Snellville GA |
| Spaghetti (2) | 8/20/2012 | Walmart / Snellville GA |
| Rotini | 8/29/2012 | Walmart / Snellville GA |
| Spaghetti | 1/7/2013 | Walmart / Kerrville TX |
| Rotini | 1/11/2013 | Walmart / Kerrville TX |
| Rotini (2) | 2/8/2013 | Walmart / Snellville GA |
| Spaghetti (2) | 2/8/2013 | Walmart / Snellville GA |
| Rotini | 7/24/2013 | Walmart / Snellville GA |
| Rotini | 9/15/2013 | Publix / Snellville GA |
| Rotini | 10/6/2013 | Publix / Snellville GA |
| Rotini | 10/22/2013 | Publix / Snellville GA |
| Rotini | 11/10/2013 | Publix / Snellville GA |
| Spaghetti (2) | 11/23/2013 | HEB / Kerrville TX |
| Rotini | 11/30/2013 | Walmart / Kerrville TX |
| Rotini | 12/19/2013 | HEB / Kerrville TX |
| Rotini (2) | 12/29/2013 | HEB / Kerrville TX |
| Rotini | 1/19/2014 | Publix / Snellville GA |
| Rotini | 2/23/2014 | Publix / Snellville GA |
| Rotini | 3/11/2014 | Publix / Snellville GA |
| Rotini | 4/4/2014 | Publix / Snellville GA |
| Rotini | 5/15/2014 | Walmart / Snellville GA |
| Rotini | 5/21/2014 | Publix / Snellville GA |
| Rotini | 6/4/2014 | Publix / Snellville GA |

Whit Matteson
1990 Highway 39
Hunt, TX 78024-3473



FOREVER

Clerk of the Court
Clarkson S. Fisher Building & U.S. Courthouse
United States District Court for the District of New Jersey
402 East State Street, Room 2020
Trenton NJ 08608-1500

08608150020