UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH MIRAKAY, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DAKOTA GROWERS PASTA COMPANY, INC., et al.,**<br><br>Defendants. | Civil Action No. 13-4429 (JAP)(LHG)<br><br><br><br>ORDER FOR PRO HAC VICE ADMISSION OF<br><u>**ROBERT L. ARLEO, ESQ.**</u> |

     This matter has been opened to the Court by way of a motion filed John A. O'Connell, Esq., of Bochetto & Lentz, PC, counsel of record for Objectors Keith Rothman, William Pelouze, George Greatrex, Chrissie Greatrex, Emily Greatrex and Nanette Forte-Gerst (collectively "Objectors") requesting leave for Robert L. Arleo, Esq., to appear and participate *pro hac vice* on behalf of the Objectors (the "Motion") [Docket Entry No. 63]. Prior to the filing of the Motion, Plaintiffs Joseph Mirakay, Louis Messina, Michael Elefterakis, and John Gembinski (collectively "Plaintiffs") indicated their objection to Arleo's bringing a discovery dispute to the Court's attention without having first sought admission *pro hac vice* (the "August 22 Letter"), but did not formally oppose the Motion, which was filed on September 5, 2014. [Docket Entry No. 59-6]. Objectors addressed Plaintiffs' objection to Mr. Arleo's participation in their letter dated August 25, 2014 (the "August 25 Letter"). [Docket Entry No. 59-7]. For the reasons set forth below, Objectors' Motion for Leave for Mr. Arleo Appear to *Pro Hac Vice* is GRANTED.

     Local Civil Rule 101.1(c) governs an attorney's *pro hac vice* admittance to the District of New Jersey. Rule 101.1(c) permits "[a]ny member in good standing of the bar of any court of the United States or of the highest court of any state" to file a motion for admission *pro hac vice*.

1

The attorney seeking admission must submit either a certified statement setting forth the bar to which he is admitted and stating that he is in good standing before that bar or, in lieu thereof, a certificate of good standing issued by the state bar to which he is admitted. "The motion shall also contain a statement certifying that no disciplinary proceedings are pending against the attorney in any jurisdiction and no discipline has previously been imposed on the attorney in any jurisdiction." L. Civ. R. 101.1(c). "If discipline has previously been imposed within the past five years, the certification shall state the date, jurisdiction, nature of the ethics violation and the penalty imposed." L. Civ. R. 101.1(c). Motions for admission *pro hac vice* are "granted liberally so long as the application is in compliance with the local rules." *Opalinksi v. Robert Half Int'l, Inc.*, Civ. No. 10-2069, 2011 U.S. Dist. Lexis 28095, at *7 (D.N.J. Mar. 18, 2011).

Plaintiffs' objection appears to be twofold: their first concern that Arleo had not filed a *pro hac vice* motion has been addressed by the filing of the present motion. The second is that several courts have sanctioned Arleo, which may impair his ability to appear before this Court. August 22 Letter at 3.

In support of the Motion, Arleo certifies that there are no disciplinary proceedings pending against him in any jurisdiction. *See* Certification of Robert L. Arleo, Esq., in Support of Motion for *Pro Hac Vice* Admission (the "Certification") ¶ 4[Docket Entry No. 63-2]. He further certifies that he has twice been subject to discipline in New York. Certification ¶ 4. Specifically, he was sanctioned once in his individual capacity as a plaintiff, not as an attorney, in a property dispute when the court deemed the argument he advanced inappropriate. Certification ¶ 4; August 25 Letter at 2. He was sanctioned as an attorney after he removed his client from a deposition and the court overruled Arleo's underlying objection. Certification ¶ 4;

2

August 25 Letter at 2.  Arleo further advises the Court that a previous sanction imposed upon him was overruled by the Ninth Circuit.  August 25 Letter at 2.

Local Civil Rule 101.1(c) provides the Court with liberal authority to grant admission *pro hac vice* as long as a moving party complies with the local rules.  *See Opalinksi*, 2011 U.S. Dist. Lexis 28095, at *7.  The prior imposition of sanctions upon an attorney does not necessarily preclude an attorney's ability to gain admission *pro hac vice*.  *See* Local Civil Rule 101.1(c).  In this instance, Arleo has certified that there are no disciplinary proceedings are pending against him in any jurisdiction.  He has provided the Court with information concerning prior instances of sanctions.  Plaintiffs have not argued that this certification is incomplete or insufficient, nor have they filed an opposition to the Motion.  Accordingly, the Court is satisfied that there is no reason to deny the Motion.

For the foregoing reasons, and for good cause shown,

**IT IS on this 23rd day of September, 2014,**

**ORDERED** that Objectors' motion for *pro hac vice* admission of  Robert L. Arleo, Esq., hereby is granted; and it is further

**ORDERED** that Robert L. Arleo, Esq., a member in good standing of the State Bar of New York, the United States District Court for the Northern, Eastern, Western, and Southern Districts of New York, be permitted to appear *pro hac vice* in the above-captioned matter pursuant to L. Civ. R. 101.1(c); and it is further

**ORDERED** that all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of Bochetto & Lentz, PC, attorneys of record for Objectors, who is admitted to the Bar of this Court and shall be held responsible for said papers

and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

**ORDERED** that Robert L. Arleo, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that Robert L. Arleo, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L. Civ. R. 101.1(c)(3), within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that Robert L. Arleo, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L. Civ. R. 103.1, Judicial Ethics and Professional Responsibility, and L. Civ. R. 104.1, Discipline of Attorneys; and it is further

**ORDERED** that Robert L. Arleo, Esq., shall notify this Court immediately of any disciplinary charges brought against him in the Bar of any other court; and it is further

**ORDERED** that Robert L. Arleo, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended; and it is further

**ORDERED** that Robert L. Arleo, Esq., shall within 30 days file with the Court a certified statement disclosing each bar in which the attorney is a member in good standing including the year of admission and the name and address of the official or office maintaining the roll of such members of its bar, or, in lieu thereof, a certificate of good standing issued by the person or office maintaining the roll of the members of this bar.  *See* L. Civ. R. 101.1(c)(1).  Failure to timely file

4

the requisite certified statement or certificate of good standing may result in the revocation of the attorney's *pro hac vice* admission; and it is further

**ORDERED** that Bochetto & Lentz, PC, may file a request, the form of which is available at the Court's website, with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter.

_____

**LOIS H. GOODMAN**
**United States Magistrate Judge**