UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH MIRAKAY, LOUIS MESSINA, MICHAEL ELEFTERAKIS & JOHN GEMBINSKI, on behalf of themselves and Others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DAKOTA GROWERS PASTA COMPANY, INC.; GLENCORE XSTRATA; and VITERRA, INC., <br><br> Defendants. | Case No. 13-cv-04429-JAP-LHG |

**PLAINTIFFS' MOTION FOR APPEAL BOND**

Plaintiffs Joseph Mirakay, Louis Messina, Michael Elefterakis & John Gembinski ("Plaintiffs") submit their Motion for Objector to Post an Appeal Bond in connection with the appeal of Objector Dawn Weaver. Plaintiffs assert that an appeal bond is both necessary and appropriate under the circumstances of this case.

**I.   INTRODUCTION**

Objector Dawn Weaver, who filed a meritless objection to the settlement, has now filed her Notice of Appeal [Doc. 82] of this Court's Opinion [Doc. 80] and Final Judgment and Order [Doc. 81] to the Third Circuit Court of Appeals. As discussed below, Ms. Weaver appears to be a "professional" serial objector, having filed objections to several class action settlements. Her current appeal will substantially delay distribution of monetary relief to approximately 61,460 Class members who purchased Dreamfields pasta products.

Plaintiffs ask this Court to require Ms. Weaver to post an appeal bond to ensure payment of appellate costs in the highly likely event that her appeal is not successful. The Federal Rules

of Appellate Procedure provide that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed.R.App.P. 7. Plaintiffs respectfully submit that an appeal bond of $44,000.00 is necessary to ensure payment of appellate costs in this case. Included in this amount are: (1) $5,000.00 in costs for preparation of the brief, appendix and record, including any transcripts; and (2) $39,000.00 in settlement administration charges likely to be incurred as a result of the appeal. [Declaration of Tore Hodne, attached as Exhibit 1].

Appeal bonds are commonplace in class actions where serial objectors, such as Ms. Weaver, file appeals. This Court should require an appeal bond as a surety against Objector Weaver's self-serving attempt to hold up the settlement indefinitely for the other purchasers of Defendant's Dreamfields pasta products.

## II.    FACTUAL BACKGROUND

On September 24, 2014, this Court held a final approval/fairness hearing in this case, where all parties and other interested persons were afforded an opportunity to be heard in support of or in opposition to the settlement. Objector Weaver filed a boilerplate objection to the settlement by letter dated September 2, 2014 [Doc. 61], but did not appear, either in person or through counsel.

On October 20, 2014, the Court entered its Opinion and Final Judgment and Order approving the settlement. In the Opinion, the Court addressed the various objections to the settlement.

> As stated above, the Court received several objections prior to the fairness hearing, a majority of which appeared to be boilerplate in nature and nearly identical in content. In any event, the objections primarily focused on the settlement being "unfair and unreasonable" because it did not "provide best notice to all persons who may have purchased Dreamfields pasta." Specifically, the Objectors contend that notice should have been posted on Defendant's website,

2

> product boxes, posted in supermarkets and drug stores, and communicated to groups such as heart associations and diabetic associations. Ironically, however, the Objectors also contend that "the settlement is flawed because many people who did not purchase Dreamfields pasta can submit fraudulent claim forms." The Objectors also believe the settlement to be inadequate because of the amount the *cy pres* recipient may receive, the injunctive provisions only last for (1) year, and the attorneys' fees are allegedly unreasonable. Plaintiffs responded to these objections and the Court heard from both parties, the Objectors' attorney, and the Objectors themselves at the fairness hearing and reserved decision on the instant motions.

[Opinion, Doc. 80, p. 5]. The Court ultimately approved the settlement in all respects. [Doc. 81].

### III. ARGUMENT AND AUTHORITIES

#### A. A Bond Should Be Required.

Fed.R.App.P. 7 provides that a district court may impose a bond "in an amount necessary to ensure payment of costs on appeal in a civil case." *In re Nutella Marketing and Sales Practices,* 2012 WL 6013276 at *1 (D.N.J. Nov. 20, 2012) (citing *Hirschensohn v. Lawyers Title Insurance Corp.,* 1997 WL 307777 at *1 (3d Cir. Jun. 10, 2007)).

> [A] district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal. In many cases, an appeal bond is necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals. To that end, the decision to impose a bond under Rule 7 is within the discretion of the district court.

*Id.* (internal citations and quotations omitted). The following factors are to be considered by the Court when determining whether to require a bond: "(1) whether the amount of the bond is necessary to assure adequate security; (2) the risks that the appellant will not pay the costs if it loses the appeal; (3) the appellant's financial ability to post the bond; and (4) whether the amount of the bond will effectively preclude pursuit of the appeal." *Dewey v. Volkswagen of America,* 2013 WL 3285105 at *2 (D.N.J. Mar. 18, 2013).

When these factors are applied to the facts of this case, it is apparent that requiring Objector Weaver to post a bond is warranted. As to factors 1 and 2, a bond in this case is necessary to secure adequate security, as there is a high risk that the Plaintiff will have difficulty collecting costs if Ms. Weaver's appeal does not succeed. *Id.* at *3.[1] This is particularly true as Ms. Weaver is located out of state. *Id.* at *4; *In re Magsafe,* 2012 WL 2339721 at *2 (finding that the fact that each objector resides outside of the jurisdiction of the Ninth Circuit to weigh "heavily in favor of requiring a bond"). If a bond is not required, the Plaintiffs may be forced to pursue expensive collection actions in California, where Ms. Weaver lives.

With respect to factors 3 and 4, Objector Weaver has not provided any information that indicates she is financially unable to post a bond or that a bond requirement would preclude her appeal. *Dewey* at *3 (citing *Fleury v. Richemont North America Inc.,* 2008 WL 4680033 at *7 (N.D. Cal. Oct. 21, 2008)). It is the appellant's burden to show she lacks the ability to post a bond. *Miletak v. Allstate Insurance Co.,* 2012 WL 3686785 at *2 (N.D. Cal. Aug. 27, 2012). *See also Dewey* at *3 (stating that "[s]ilence on this topic is sometimes construed as showing that the appellant is not arguing it lacks an ability to post a bond"); *In re Initial Pub. Offerring Sec. Litig.,* 728 F.Supp.2d 289, 293 (S.D.N.Y. 2010) (finding that ability to post bond is presumed where objectors do not present evidence to the contrary). Substantive financial information is required; a mere assertion in a declaration or affidavit that appellant cannot afford to post a bond is insufficient. *Miletak,* 2012 WL 3686785 at *2. Even if there is some evidence that appellant will have difficulty posting a bond, when there is "significant risk of non-payment of costs…this factor nonetheless tips in favor of requiring a bond." *In re Magsafe,* 2012 WL 2339721 at *2. Here, there is reason to be concerned Objector Weaver will not be able to post an appeal bond, as

---

[1] Ms. Weaver did not even timely pay her appellate filing fee, but had to be directed to do so by the Court Clerk on November 5, 2014. As of November 12, 2014, Ms. Weaver has still not paid the fee.

4

evidenced by the two bankruptcy petitions she has filed in the past twelve years.

Requiring that a bond be posted is also particularly necessary when the appeal is devoid of merit, as in this case. *See Fleury,* 2008 WL 4780033 at 86 (holding that it is proper for a court to consider the merits of the appeal when evaluating whether to require an appeal bond because this factor "informs the likelihood that the appellant will lose and thus be liable for costs"). The record demonstrates that Ms. Weaver's objection is without merit and is very unlikely to be successful on appeal, as explained by this Court in its Opinion. The law is well established that the Court's approval of a class action settlement will be overturned only if there has been an abuse of discretion. *In re Nutella Marketing and Sales Practices Litigation,* 2014 WL 4801262 at *3 (3d Cir. Sept. 29, 2014) (stating that "[w]e review a district court's decision to certify a class and approve a settlement under the abuse of discretion standard"); *In re Baby Prods. Antitrust Litig.,* 708 F.3d 163, 175 (3d Cir. 2013) (same). Given this extremely limited review, and considering this Court's careful consideration in approving the settlement, this Court's conclusion that the settlement is "fair, reasonable, adequate and in the best interests of the Settlement Class," is exceedingly unlikely to be reversed on appeal.

This Court should also note that Ms. Weaver is a serial, "professional" objector who has filed objections to settlements in at least three other class action cases, including *Pappas v. Naked Juice Co. of Glendora, Inc.,* Case No. 2:11-cv-08276, United States District Court for the Central District of California; *Larson v. Trader Joe's Company,* Case No. 3:11-cv-05188, United States District Court for the Northern District of California; and *Wilkins v. HSBC Bank Nevada, N.A.,* Case No. 1:14-cv-00190, United States District Court for the Northern District of Illinois. Many courts have warned about the ability of professional objectors to hold settlements hostage by filing frivolous objections and appeals. *See Barnes v. FleetBoston,* 2006 WL 6916834 at *1

(D. Mass. Aug. 22, 2006) (stating that "[r]epeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements. The larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal)"; *O'Keefe v. Mercedes-Benz United States, LLC,* 214 F.R.D. 266, 295 n. 26 (E.D. Pa. 2003) (finding that "[f]ederal courts are increasingly weary of professional objectors: [S]ome of the objections were obviously canned objections filed by professional objectors who seek out class actions to simply extract a fee by lodging generic, unhelpful protests").[2]

B.      **Amount of the Bond.**

Plaintiffs respectfully request that the appeal bond be set at $44,000.00. This is an estimate, supported by the Declaration of the claims administrator, of the amount required to secure costs that will likely be taxable on appeal. The $44,000.00 amount is calculated as the sum of: (1) estimated costs of $5,000.00; and (2) additional settlement administration costs estimated at $39,000.00.

For purposes of an appeal bond, costs include but are not necessarily limited to those costs set forth in Fed.R.Civ.P. 39(e). *See Hirschensohn v. Lawyers Title Insurance Corp.,* 1997 WL 307777 at *1 (3d Cir. June 10, 1997) (stating that it is clear that "costs referred to in Rule 7 include those that may be taxed against an opposing party under Federal Rule of Appellate

---

[2] While Ms. Weaver is technically proceeding *pro se* in the instant case, she is customarily represented by attorney Joseph Darrell Palmer, as she was in the objections listed above. Mr. Palmer is the epitome of the professional objector, having filed over 100 objections in class action cases. Courts have found Mr. Palmer's objections to have been filed in bad faith. *See In re Uponer, Inc. F1807 Plumbing Fittings Prods. Liab. Litig.,* 2012 WL 3984542 at *3 (D. Minn. Sept. 11, 2012) (requiring $170,000 appeal bond upon finding that "the Palmer Objectors have evidenced bad faith and vexatious conduct"). Plaintiffs submit that it would be an odd coincidence if Mr. Palmer was not pulling the strings in this case as well. Mr. Palmer's license to practice law was recently suspended by the California State Bar Association, which may explain his absence from Objector Weaver's pleadings.

Procedure 39") (internal punctuation omitted).  Those costs include items such as preparation and transmission of the record, obtaining the reporter's transcript and costs of producing (including photocopying, printing, binding, filing and service) the necessary copies of a brief, the appendix or the record.

Courts in this circuit have also included the additional costs of administering the settlement fund in calculating the bond amount.  *See In re Nutella Marketing and Sales Practices,* 2012 WL 6013276 at *2 (including administrative expenses as costs and acknowledging that courts in other circuits have reached similar conclusions); *In re Ins. Brokerage Antitrust Litig.,* 2007 WL 1963063 at *3 (D.N.J. July 2, 2007).  Plaintiffs submit that this result is particularly appropriate given the lack of merit in Ms. Weaver's appeal and the impact the delay will have on the Settlement Class.  *See In re Uponor,* 2012 WL 3984542 at *4-*5 (stating that "[c]osts incurred as a result of a delay of a settlement caused by an appeal are recoverable under Rule 7" and emphasizing that "[c]ourts treat with particular disapproval the objections and appeals of professional objectors, whose objections amount to a tax that has no benefit to anyone other than the objectors but serves to tie up the execution of a Settlement and further delay payment to the members of the Settlement Class") (internal quotations omitted).

### IV.  CONCLUSION

In light of the foregoing, Plaintiffs request that this Court set this matter for hearing as soon as possible and require Objector Dawn Weaver to appear at such hearing in defense of her objection and appeal.  Plaintiffs further request that, at that hearing, Ms. Weaver be required to either: (1) post a bond in the amount of $44,000.00 on or before a date certain; or (2) file a notice of dismissal with prejudice of her appeal on or before that date.  *See Miletak,* 2012 WL 3686785 at *2 (imposing the same requirements regarding the filing of the appeal bond).

Date: November 13, 2014		Respectfully submitted,

/s/ *Daniel Gluck*
Daniel Gluck
John Zaremba
ZAREMBA BROWNELL & BROWN, PLLC
40 Wall Street
New York, NY 10005
Tel:     (212) 380-6700
Email: dgluck@zbblaw.com
Email: jzaremba@zbblaw.com

Brian D. Penny
GOLDMAN SCARLATO KARON & PENNY, P.C.
101 E. Lancaster Ave, Suite 204
Wayne, PA 19087
Telephone: (484) 342-0700
Facsimile: (484) 580-8747
Email: penny@gskplaw.com

William B. Federman
FEDERMAN & SHERWOOD
10205 N. Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
405.235.1560 (*telephone*)
405.239.2112 (*facsimile*)
Email: wbf@federmanlaw.com
Charles W. Branham, III
BRANHAM LAW GROUP, LLP
3900 Elm Street
Dallas, TX  75226
Phone: 214.722.5990
Fax: 214.722.5991
Email: tbranham@branhamlawgroup.com

*Counsel for Plaintiffs*

8