UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH MIRAKAY, et al., | ) ) ) ) ) ) | No. 3:13-cv-04429-JAP-LHG |
| DAKOTA GROWERS PASTA CO., INC. | | |

### CLASS MEMBER/OBJECTOR DAVE MAGER'S OPPOSITION TO PLAINTIFFS' MOTION TO POST APPEAL BOND

Class member/Objector Dave Mager hereby opposes Plaintiffs' motion to Post Appeal Bond on the following grounds:

1. *Plaintiffs used deceptive tactics in bringing this motion.* Although their certificate of service claims I received this motion in the mail, they actually hired a professional process server (Sherie Woods) to deliver it personally to my residence. Under the pretext that she wanted to sincerely address my concerns, I honored Ms. Woods' request to come into my home to talk about it. As she began to ask questions, however, it became obvious that her real motive was to obtain information to use against me. Neither did she explain the nature of the document she was leaving. After Ms. Woods left, I discovered to my horror that Plaintiffs are trying to bully me into dismissing my appeal by having this Court order a $44,000 bond (which they know full well the average class member can't pay).

2. *The suggestion that my objections to the settlement lack merit is an outright lie.* First and foremost, there is no way class counsel can justify getting 40% of the settlement fund for only a few months' work. The complaint was filed on July 22, 2013. According to the settlement agreement, the parties then filed a Rule 26(f) report and held a Rule 16 conference. Even as discovery commenced, the parties began to explore the possibility of a settlement. The very next litigation activity shown on the docket is defense counsel's letter of February 27, 2014 canceling the initial case management conference on March 13, 2013. The reason given is too precious to miss:

1

> On December 10, 2013, the parties reached an agreement in principal to settle this matter on a classwide basis and signed a memorandum of understanding. Since then, the parties have been negotiating and preparing the settlement papers, and plaintiffs are likely to file a motion for preliminary approval in the next few weeks. As such, the parties do not expect there to be any specific case management issues to address in the near future.
>
> Plaintiffs join in this request and we therefore respectfully ask that the Conference be cancelled pending submission of the Motion for Preliminary Approval of the Settlement.

Just one month later, the parties announced the deal had been finalized. On April 14, 2014, the motion for preliminary approval was filed. After registering its preliminary approval on May 9, 2014, this Court set the fairness hearing for September 24, 2014. The Court's final approval came less than a month later. All in all, it's obvious that the parties decided early on to join forces for a "quick and easy" settlement that provides class counsel the kind of windfall reserved for a long and hard battle. To label my objection to this unscrupulous arrangement "frivolous" merely adds insult to injury.

3. *Calling me a "professional serial objector" adds more salt to the wound.* That Plaintiffs have the audacity to smear my personal and professional reputation says a lot about their true colors. How dare they suggest my objections lack sincerity! As stated in my objection (and explained to Ms. Woods in my home), I got involved in my first objection to a class action settlement for one reason only: I'm sick and tired of big corporations misleading consumers about the supposed benefits of their products! This time, it got very personal. As stated in my objection: "The reason I'm so upset is I TRUSTED this product because my wife at the time was hypoglycemic and needed to be careful of what she ate, but now she is diabetic."

4. *Since I specifically objected to the settlement's prohibitive claims procedure, my inability to file a claim should not affect my standing.* Equally laughable is Plaintiffs' attempt to silence my voice by reference to the claims process. While the class notice made filing a claim sound easy, the actual claim form is another matter. In-store customers like me had to provide the store name, location, and dates of purchase. Since I didn't keep any receipts, I couldn't even *estimate* the dates we purchased these products over the class period. Instead, I made that one of my objections to the

2

settlement's fairness.[1] Plaintiffs can't have their cake and eat it too—punishing a class member who couldn't meet Defendant's stringent claim requirements is kicking him when he's down.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion for a $44,000 appeal bond should be denied. Since my appeal has obvious merit, this Court must reserve its judgment until the issues are fully briefed.[2] In any case, placing exorbitant administration costs on the shoulders of a single class member who has every right to voice his objection is hitting below the belt. This Court should not put up with such blatant bullying tactics.

Respectfully submitted,

Dave Mager

DaveMager
10121 Page Road
Streetsboro, Ohio 44241
Tel:   (330) 626-4590
Fax:   (330) 266-7676
Appearing Pro Se

---

[1] My third and final objection (which also has merit) is Plaintiffs' failure to require a *permanent* change in how these products are packaged.

[2] Incredibly, class counsel persisted in trying to contact me even after the motion debacle. Now that I see they can be just as devious, I fully intend to retain a lawyer for my appeal.

## NOTICE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following parties by ordinary U.S. Mail, postage prepaid, on December 1, 2014:

| CLERK OF THE COURT | SETTLEMENT CLASS COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>Clarkson S. Fisher Building & U.S. Courthouse<br>United States District Court for the District of New Jersey<br>402 East State Street<br>Room 2020<br>Trenton, NJ 08608 | Brian D. Penny<br>Goldman Scarlato Karon & Penny, P.C.<br>101 East Lancaster Avenue, Suite 204<br>Wayne, PA 19087<br><br>William B. Federman<br>Federman & Sherwood<br>10205 North Pennsylvania Avenue<br>Oklahoma City, OK 73120 | Michael W. Davis<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, IL 60603 |

Dave Mager

4